PHILLIP A. TALBERT
United States Attorney
TARA AMIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA N. LISKAMM
Director
RACHAEL L. DOUD
Assistant Director
ANDREW K. CRAWFORD
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
Telephone: (202) 451-7301
Email: andrew.k.crawford@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Civil Case No. 2:23-cv-02812-TLN-DB |
| Plaintiff, | JOINT STATUS REPORT |
| v. | |
| CB SURETY, LLC, et al., | |
| Defendants. | |

Plaintiff United States of America, and Defendants Thomas Eide, Cascades Pointe at Clemson LLC, Aric Gastwirth, Reseller Consultants, Inc., Ambragold, Inc., Bryan Bass, and Bryan Bass Consultants[1] (together, the "Parties"), through counsel and pro se, submit this Joint Status Report.[2]

## I.   NATURE OF THE CASE

The United States brought this action for a temporary restraining order, preliminary and permanent injunctions, and other equitable relief pursuant to 18 U.S.C. § 1345 to enjoin the ongoing commission of criminal wire fraud and bank fraud and conspiracy to commit those offenses in violation of 18 U.S.C. §§ 1343, 1344, and 1349. The Complaint alleges that Defendants are engaged in an ongoing bank and wire fraud scheme, and conspiracy to commit those offenses, that targets financial institutions and consumers across the United States. The alleged scheme is two-fold. First, Defendants launder transactions for their merchant clients by creating sham companies to disguise the true nature of their merchant clients' fraudulent, illegal, or high-risk activities. Second, Defendants use fraudulent chargeback reduction tactics to allow their merchant clients to maintain merchant accounts with member banks of card networks.

This Court entered the *ex parte* temporary restraining order on December 6, 2023. (ECF No. 7.) The Parties appeared at the preliminary injunction hearing on January 3, 2024, and this Court entered an order granting the United States' motion for a preliminary injunction with asset freeze, receiver, and other equitable relief. (ECF Nos. 34 & 35.) Defendants Thomas Eide, Cascades Pointe at Clemson LLC, Aric Gastwirth, Reseller Consultants, Inc., and Ambragold,

---

[1] The United States understands that Defendant Bryan Bass Consultants is not represented by counsel; Bryan Bass is attempting to represent Bryan Bass Consultants pro se. Pursuant to Local Rule 183, "[a] corporation or other entity may appear only by an attorney." An unrepresented corporate defendant is subject to entry of default and default judgment. *See, e.g.*, *Thacker v. AT&T Corp.*, No. 2:3-cv-00255-KJM-CKD , 2020 WL 6261626, at *3 (E.D. Cal Oct. 23, 2020), adopted in full by *Thacker v. AT&T Corp.*, 2021 WL 871178 (E.D. Cal. Mar. 9, 2021). If Bryan Bass Consultants remains unrepresented by counsel, the United States will seek an entry of default and default judgment against it.

[2] The clerk of the court has entered a default against the remaining defendants, namely CB Surety LLC, Stephen Christopher, KP Testing, LLC, Motion Media Marketing, Inc., Peak Bakery LLC, SJC Financial Services, Inc., Travis Smith, and Think Processing LLC (collectively, the "Defaulting Defendants"). (ECF No. 65.) As a result, the Defaulting Defendants are not parties to this joint status report.

Inc. have filed answers to the complaint. (ECF Nos. 61 & 66.) Defendants Bryan Bass and Bryan Bass Consultants have until April 25, 2024, to file a responsive pleading.

## II. SERVICE OF PROCESS

All defendants have been served with the summons (ECF. No. 12), complaint (ECF No. 1), and the Court's Initial Pretrial Scheduling Order (ECF No. 13).

## III. JOINDER OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS

The Parties do not currently anticipate joinder of additional parties or amendments to the pleadings in this action. The United States may seek to amend the complaint, including to name additional defendants, in the future should it identify additional individuals or entities involved in the scheme alleged in the complaint.

## IV. JURISDICTION AND VENUE

This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345. The United States District Court for the Eastern District of California is a proper venue for this action under 28 U.S.C. §§ 1391(b) and 1391(c).

## V. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY

### A. Rule 26(a)(1) Initial Disclosures

The service of initial disclosures shall occur on or before April 8, 2024, based on the agreement of the Parties that initial disclosures shall occur no later than 45 days after the Rule 26(f) conference, which took place on February 23, 2024. The Parties do not anticipate any changes to the timing, form, or requirement for such disclosures. Should any scheduling issues arise, the Parties will meet and confer and work cooperatively to present this Court with any proposed scheduling changes via a stipulation, if deemed necessary. If a stipulation is not feasible, either party can file a motion after meeting and conferring.

### B. Subjects on Which Discovery May Be Needed

The Parties intend to conduct discovery on subjects including Defendants' role in setting up limited liability companies; recruitment of individuals to set up limited liability companies; recruitment of advertisers or merchant clients; use of sham company accounts to facilitate

JOINT STATUS REPORT                                    3

transactions for other merchants; payments made to Defendants and their associates for, and contracts relating to, services rendered in furtherance of the scheme; unauthorized charges issued to consumers by merchant clients of the scheme; requests for refunds made by individuals issued charges by merchant clients of the scheme; representations made by Defendants to banks, payment processing services, and any financial organizations in relation to the scheme; communications between Defendants and straw owners regarding the scheme; use of microtransactions to lower chargeback rates on merchant clients' accounts; written policies, procedures or advertising materials detailing Defendants' business practices; and Defendants' accounting systems, to identify transactions within the alleged scheme.

### C. Changes or Limitations to Discovery

The United States does not currently anticipate requesting any modifications to discovery. The Parties agree to adopt the default discovery limitations imposed by Federal Rules and Local Rules of this Court. In accordance with Federal Rule 26(f)(3)(C), the Parties do not currently anticipate any issues with e-discovery in this case. The Parties agree to meet and confer concerning any issues with respect to the disclosure of discovery of electronically stored information. The Parties reserve the right to seek further modifications to discovery but will meet and confer to attempt to resolve any issues and submit a stipulation before requesting the Court's involvement.

The Parties anticipate the need for a protective order and will meet and confer before submitting one to the Court for consideration. No further discovery limitations are necessary at this time. Defendant Aric Gastwirth reserves the right to assert the Fifth Amendment to selected discovery inquiries by the government.

### D. Rule 26(a)(2) Disclosure of Expert Testimony

The Parties agree to the timing of the disclosure of expert witnesses set forth in the proposed schedule below.

**VI.     FUTURE PROCEEDINGS, DISCOVERY, LAW AND MOTION, AND TRIAL**

The Parties have met and conferred and propose the following schedule for future proceedings, discovery, law and motion, pretrial and trial in this case.

| Event | Deadline |
| --- | --- |
| Rule 26 Initial Disclosures | April 8, 2024 |
| Completion of Fact Discovery | December 13, 2024 |
| Expert Disclosures and Reports | February 11, 2025 |
| Rebuttal Expert Disclosures and Reports | March 24, 2025 |
| Completion of Expert Discovery | March 28, 2025 |
| Deadline for Filing Dispositive Motions | June 11, 2025 |
| Joint Notice of Trial Readiness | No later than 30 days after receiving this Court's ruling on last dispositive motion, or if no dispositive motions, by April 14, 2025. |

Pursuant to the Court's Initial Pretrial Scheduling Order (ECF No. 13), the Court will issue an order setting dates for the pretrial conference and trial dates after reviewing the parties' Joint Notice of Trial Readiness.

**VII.    APPROPRIATENESS OF SPECIAL PROCEDURES**

The Parties do not anticipate any special procedures in this action at this time.

**VIII.   ESTIMATE OF TRIAL TIME**

The Parties estimate that 14 days will be needed for trial.

**IX.     MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

The Parties do not anticipate the need to modify standard pretrial procedures in this action. Should any circumstances arise, the Parties will meet and confer and attempt to stipulate before requesting the Court's involvement.

X. **NO RELATED CASES**

There are no related filed actions.

XI. **SETTLEMENT**

Throughout this litigation, the Parties will consider whether the Court's involvement in a settlement conference would be useful. If so, a status report or joint stipulation will be filed. The Parties may also agree to the use of a private mediator.

XII. **OTHER MATTERS THAT MAY ADD TO A JUST AND EXPEDITIOUS DISPOSITION**

In accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73(a), and Local Rule 305, the Parties will consider consenting to magistrate jurisdiction in this action. No other issues are currently known or anticipated. The Parties agree to meet and confer, and specify these efforts, before the filing of any motion.

XIII. **STATEMENT OF OWNERSHIP OF NONGOVERNMENTAL CORPORATE PARTIES**

It is the United States' position that, pursuant to Federal Rule of Civil Procedure 7.1, all nongovernment corporations must file a statement identifying any parent corporation or any publicly held corporation owning more than 10% or more of its stock, or states that there is no such corporation. It is Defendants Reseller Consultants and Ambragold's position that they do not have to file corporate disclosures under Rule 7.1 because the Court has appointed a receiver to run and oversee receivership entities.

Dated: March 11, 2024

PHILLIP A. TALBERT  
United States Attorney

TARA AMIN  
Assistant United States Attorney

BRIAN M. BOYNTON  
Principal Deputy Assistant Attorney General

ARUN G. RAO  
Deputy Assistant Attorney General

AMANDA N. LISKAMM  
Director, Consumer Protection Branch

RACHAEL L. DOUD  
Assistant Director, Consumer Protection Branch

/s/  
ANDREW K. CRAWFORD  
FRANCISCO L. UNGER  
Trial Attorneys  
United States Department of Justice

*Attorneys for Plaintiff United States of America*

Dated: March 11, 2024

/s/  
MANNY MEDRANO

*Counsel for Defendants Aric Gastwirth, Reseller Consultants, Inc., and Ambragold, Inc.*

Dated: March 11, 2024

/s/  
DANIEL OLMOS

*Counsel for Defendants Thomas Eide and Cascades Pointe at Clemson, LLC*

Dated: March 11, 2024

/s/  
BRYAN BASS