PHILLIP A. TALBERT
United States Attorney
TARA AMIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA N. LISKAMM
Director
RACHAEL L. DOUD
Assistant Director
ANDREW K. CRAWFORD
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
Telephone: (202) 451-7301
Email: andrew.k.crawford@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>CB SURETY, LLC, et al.,<br><br>    Defendants. | Civil Case No. 2:23-cv-02812-TLN-DB<br><br>UNITED STATES' MOTION TO ADD RECEIVERSHIP ENTITIES AND GRANT THE RECEIVER CONTROL OF THEIR ACCOUNTS |

## I. INTRODUCTION

In his Second Interim Status Report ("Second Report") filed on March 4, 2024, and in his Third Interim Status Report filed on May 3, 2024, the Receiver requested that the Court expand the Receivership to include two additional entities, Won it All, Inc. ("Won it All") and Run it Up, Inc. ("Run it Up"). ECF No. 67-1 at 13; ECF No. 72-1 at 35. The Receiver based this request on evidence that these entities, which appear to be controlled by Defendant Aric Gastwirth, have been instrumental in furthering Defendants' alleged scheme and have been used by Defendants to control ill-gotten gains derived from the scheme and to compensate agents and intermediaries involved in furthering the scheme. ECF No. 67-1 at 4-10. Because Defendants appear to have used these accounts to further the scheme, the Receiver also requested that the Court freeze and seize these entities' accounts. ECF No. 67-1 at 13.

The Court has not yet ruled on the Receiver's requests. The United States now also moves the Court to expand the Receivership to include Won it All and Run it Up, to freeze their accounts, and grant the Receiver authority to seize those assets. As detailed below, evidence ascertained through the Receiver's investigation shows that Won it All and Run It Up have been used by Defendants in furtherance of the alleged scheme that aligns with Defendants' use of the Receivership Entities. Thus, extending the Receivership to encompass these additional entities is necessary to ensure an effective Receivership and to preserve relevant evidence and assets. Freezing their accounts and granting the Receiver authority to seize the accounts is also necessary to prevent dissipation of assets and to make funds generated via the scheme available for potential civil damages and redress.

## II. THE ADDITIONAL ENTITIES

### A. The Receiver's Findings Regarding Run It Up and Won It All

In his Second Report, the Receiver explained that his ongoing factfinding, including his review of corporate documents from Defendants and Receivership Entities, has revealed that Run it Up and Won it All have been instrumental in furthering Defendants' scheme. In particular, Defendants have used Run it Up and Won it All to manage compensation of its employees and agents and to control and distribute ill-gotten gains flowing from the scheme. ECF No. 67-1 at 4-10. Based on a review of corporate records and communications, the Receiver has determined that Run It Up and Won It All have performed work on behalf of, and handled finances related to, Reseller Consultants, Inc. ("Reseller")—a Defendant and Receivership Entity controlled by Defendant Aric Gastwirth that has been a major hub of the scheme. *See* ECF No. 1 at ¶¶ 46, 56-57, 61, 68.

The Receiver's factfinding determined that these additional entities have operated out of Reseller's office, have been used to systematically transfer funds between Reseller, agents, and intermediaries involved in the alleged scheme, and have been used to cover payroll for employees supervised by Defendants in furtherance of the scheme. ECF No. 67-1 at 5-7. The Receiver has concluded that Reseller has routed scheme-related activities and related funds through Run It Up and Won It All; for example, Run it Up and Won It All have compensated employees of Reseller who have engaged in recruiting straw owners and established sham companies used in the scheme. ECF No. 67-1 at 5-6. Similarly, the Receiver identified documents discussing how Won It All and Run It Up perform services on behalf of Reseller that relate to its promotion of the scheme. *Id.* at 8.

Meanwhile, bank records belonging to Run It Up and Won It All reveal hundreds of thousands of dollars in transfers from Reseller to these entities' accounts, as well as significant outgoing transfers to Defendants. *Id.* at 8-9. Similarly, contracts involving Run It Up and Won It All outline the services they agreed to perform on behalf of other Receivership Entities involved in the scheme. *Id.* at 9.

In sum, the Receiver's factfinding has demonstrated that Run It Up and Won It All have served as key players in furthering the scheme.

**B.    Expanding the Receivership Is Crucial to Prevent Ongoing Fraud and Dissipation of Assets, and Preserve Evidence and Potential Redress**

Granting the United States and the Receiver's request to add Run It Up and Won It All as Receivership entities to freeze their accounts, and to grant the Receiver control over them, aligns with the Court's findings for granting the preliminary injunction, including stopping fraud, preventing the dissipation of assets, allowing for significant factfinding and preservation of evidence by the Receiver, and facilitating potential consumer redress. ECF No. 7 at 5, 8-11; ECF No. 34 at 9-11 (finding sufficient evidence that Defendants Reseller Consultants and Ambragold, Inc.'s intent to deceive and cheat and the United States is likely to prevail on the merits); ECF No. 35 at 2-4. Based on the Receiver's findings, there is good cause to believe that (1) Run It Up and Won It All have engaged in and are likely to engage in acts or practices that violate 18 U.S.C. §§ 1343, 1344, and 1349, and that the United States is, therefore, likely to prevail on the merits of this action, (2) immediate and irreparable harm will result from their ongoing violations unless they are immediately restrained and enjoined by order of this Court, (3) immediate and irreparable damage to the Court's ability to grant effective relief will occur from the transfer, destruction, or other dissipation or concealment by Won It All and Run It Up of their assets or records, unless they are immediately restrained and enjoined by order of this Court; (4)

appointing a temporary receiver over these entities and giving the temporary receiver control of them, and (5) weighing the equities and considering the United States' likelihood of success on the merits, granting the requested preliminary relief; see ECF No. 2-1 at 25-28.

Based on Run It Up and Won It All's evident use within Defendants' scheme, these same factors argue in favor of adding them to the Receivership and granting the Receiver control over their accounts. Indeed, given that the Receiver has determined that these additional entities have effectively operated as alter egos of, or sponsoring corporate structures for, an already identified Receivership Entity, Reseller, their addition is a logical and necessary extension of the Receivership that the Court has already authorized.

### C. The Receiver's Request is Consistent With the Authority the Court Has Already Granted Him

The United States previously moved for, and this Court granted, injunctive relief including the appointment of a temporary Receiver empowered to take control of "any … entity that the Receiver determines is controlled or owned by the Corporate Entities [including Reseller]…" ECF No. 31 at 4. The Receivership authorized by this Court encompassed "Receivership Property," including any assets "owned, controlled or held by or for the benefit of the Receivership Entities [encompassing the Corporate Entities, including Reseller]" or "otherwise held for the benefit of … [any] entity direct or indirectly owned or controlled by the Receivership Entities." *Id.* at 4-5. Finally, the Court ordered an asset freeze freezing "the Assets of the Corporate Entities [and] Receivership Entities …" (*id.* at 6) and empowered and required the Receiver to "Take exclusive custody, control, and possession of all Receivership Property." *Id.* at 7.

Based on these established contours of the Receivership, the Receiver's request to add Run It Up and Won It All to the Receivership, to freeze their accounts, and to give the Receiver

possession of their accounts falls squarely within his mandate. Based on the evidence noted above, Run It Up and Won It All qualify as Receivership Entities and their accounts constitute Receivership Property.

### III. CONCLUSION

Accordingly, the United States asks this Court to grant the Receiver's requests to expand the Receivership to include Won It All and Run It Up, to freeze accounts belonging to them, and to grant the Receiver authority over their accounts.

Dated: May 16, 2024

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

TARA AMIN
Assistant United States Attorney

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director, Consumer Protection Branch

RACHAEL L. DOUD
Assistant Director, Consumer Protection Branch

/s/ Francisco L. Unger
FRANCISCO L. UNGER
ANDREW K. CRAWFORD
Trial Attorneys
United States Department of Justice

*Attorneys for Plaintiff United States of America*

## CERTIFICATE OF SERVICE

I certify that on May 16, 2024, a copy of the forgoing Motion to Add Receivership Entities was served on the parties by the following methods:

<u>Email</u>:

Daniel Olmos
Nolan Barton Olmos & Luciano LLP
600 University Avenue
Palo Alto, CA 94301
430 D Street
Davis, CA 95616
dolmos@nbo.law

*Counsel for Defendants Thomas Eide and Cascades Pointe at Clemson, LLC*

Manny Medrano
RIMÔN PC
2029 Century Park East
Los Angeles, CA 90067
manuel.medrano@rimonlaw.com

*Counsel for Defendants Aric Gastwirth, Reseller Consultants, Inc., and Ambragold, Inc.*

Bryan Bass
bassbryan1@gmail.com

Bass Business Consultants
c/o Bryan Bass
bassbryan1@gmail.com

　　　　　　　　　　　　　　　　　　　　  /s/ Francisco L. Unger
　　　　　　　　　　　　　　　　　　　　Francisco L. Unger
　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　United States Department of Justice

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff United States of America*