PHILLIP A. TALBERT
United States Attorney
TARA AMIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA N. LISKAMM
Director
RACHAEL L. DOUD
Assistant Director
ANDREW K. CRAWFORD
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
Civil Division
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
Telephone: (202) 451-7301
Email: andrew.k.crawford@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>CB SURETY, LLC, et al.,<br><br>        Defendants. | Civil Case No. 2:23-cv-02812-TLN-DB<br><br>BRIEF IN SUPPORT OF THE UNITED STATES' MOTION FOR A DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS TRAVIS SMITH, STEPHEN CHRISTOPHER, BRYAN BASS, CB SURETY LLC, PEAK BAKERY LLC, KP TESTING, LLC, MOTION MEDIA MARKETING INC., SJC FINANCIAL SERVICES INC., BASS BUSINESS CONSULTANTS, AND THINK PROCESSING LLC |

## I.   INTRODUCTION

The United States brought this action to stop ongoing criminal wire and bank fraud that targets financial institutions and consumers throughout the country, including in this District.

Defendants Travis Smith, Stephen Christopher, Bryan Bass, CB Surety LLC, Peak Bakery LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Bass Business Consultants, and Think Processing LLC have failed to appear or otherwise respond to the United States' Complaint within the time prescribed by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Therefore, the United States requests pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure that the Court enter a default judgement as to the above-mentioned Defendants.

## II.   PROCEDURAL BACKGROUND

On December 1, 2023, the United States filed its Complaint (ECF No. 1). Pursuant to Rule 4 of the Federal Rules of Civil Procedure, the United States timely served the Summons (ECF No. 12), Complaint, and the Initial Pretrial Scheduling Order (ECF No. 13) on Defendants Travis Smith, Stephen Christopher, CB Surety LLC, Peak Bakery LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., and Think Processing LLC. Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the aforementioned Defendants had 21 days to answer or otherwise respond to the Complaint. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, the United States sent a request to waive service to Defendant Bryan Bass, individually, and in his capacity as a director of Defendant Bass Business Consultants. Defendant Bryan Bass signed the waiver of service of behalf of himself (ECF No. 73) and on behalf of Defendant Bass Business Consultants (ECF No. 74). Pursuant to Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Defendants Bryan Bass and Bass Business Consultants had 90 days to answer or otherwise respond to the Complaint.

The below table sets forth the date on which each of these Defendants was served, the docket number of the corresponding filing proving service, and the date on which each Defendant's response to the Complaint was due.

| Defendant | Service Date | Docket No. | Response Due |
|---|---|---|---|
| Travis Smith | 1/4/24 | ECF No. 54 | 1/25/24 |
| Stephen Christopher | 1/5/24 | ECF No. 50 | 1/26/24 |
| CB Surety LLC | 12/27/23 | ECF No. 48 | 1/17/24 |
| Peak Bakery LLC | 12/27/23 | ECF No. 49 | 1/17/24 |
| KP Testing LLC | 1/10/24 | ECF No. 53 | 1/31/24 |
| Motion Media Marketing Inc. | 1/5/24 | ECF No. 51 | 1/26/24 |
| SJC Financial Services Inc. | 1/5/24 | ECF No. 52 | 1/26/24 |
| Think Processing | 1/10/24 | ECF No. 55 | 1/31/24 |
| Bryan Bass | 1/26/24 | ECF No. 73 | 4/25/24 |
| Bass Business Consultants | 1/26/24 | ECF No. 74 | 4/25/24 |

On February 15, 2024, the Clerk of Court filed its certificate of entry of default as to Defendants Travis Smith, Stephen Christopher, CB Surety LLC, Peak Bakery LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., and Think Processing LLC for their failure to respond to the complaint (ECF No. 65). On May 22, 2024, the Clerk of Court filed its certificate of entry of default as to Defendants Bryan Bass and Bass Business Consultants for their failure to respond to the complaint (ECF No. 77).

## III.   LEGAL ANALYSIS

### A.   The *Eitel* Factors Favor Entry of a Default Judgment

According to the Court of Appeals for the Ninth Circuit, "[f]actors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55–05[2], at 55–24 to 55–26). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Here, the Court should exercise its discretion to enter default judgment in this case against the defaulting defendants because the well-pleaded allegations in the United States' complaint establish the relief to which it is entitled and, as discussed below, each of the seven *Eitel* factors weighs in favor of default.

### 1.    The Possibility of Prejudice to the Plaintiff

The first factor set forth by the Ninth Circuit in *Eitel* considers whether the plaintiff would suffer prejudice if default judgment is not entered, and whether such potential prejudice militates in favor of granting a default judgment. *PepsiCo, Inc. v. California Security Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, the United States would face prejudice if the Court did not enter a default judgment. Absent the entry of a default judgment, the United States has no other means of seeking permanent injunctive relief should defendants continue to fail to respond. Additionally, failure to issue a final judgment against the defaulting defendants would encourage similar behavior by the other named defendants and other individuals involved in the fraud scheme. This would render 18 U.S.C. § 1345 toothless to enjoin the ongoing commission of criminal wire and bank fraud and conspiracy to commit those offenses in violation of 18 U.S.C. §§ 1343, 1344, and 1349. Accordingly, the first *Eitel* factor favors the entry of default judgment.

### 2.    The Merits of Claim and Sufficiency of Complaint

The second and third *Eitel* factors are closely related and should be considered together to determine whether the allegations in the United States' complaint are sufficient to state a claim that supports the relief requested. *Corson v. Luxury House Search LLC,* No. 2:23-cv-05528-CAS-AGRx, 2024 WL 139612, at *3 (C.D. Cal. Mar. 28, 2024). These factors "require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo,* 238 F. Supp. 2d at 1175.

The Court's prior analysis of the United States' preliminary injunction briefing and hearing is sufficient to establish that the United States' claims are meritorious and the complaint states a claim that supports the requested relief. In particular, on January 3, 2024, the Court held a preliminary injunction hearing. On January 5, 2024, the Court, having considered the pleadings, including the Affidavit of Postal Inspector Jason Chung and the accompanying exhibits (ECF Nos. 2-3), granted the United States' motion for a preliminary injunction, finding that "[t]here is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate 18 U.S.C. §§ 1343, 1344, and 1349, and that the United States is, therefore, likely to prevail on the merits of this action." (ECF No. 35; *see also* ECF No. 34).

The United States' complaint seeks injunctive relief to prevent defendants from (1) committing wire fraud (18 U.S.C. § 1343), (2) committing bank fraud (18 U.S.C. § 1344), and (3) conspiring to commit wire and bank fraud (18 U.S.C. § 1349).

18 U.S.C. § 1344(1), one provision of the bank fraud statute, makes it illegal to "knowingly execut[e], or attemp[t] to execute, a scheme or artifice . . . to defraud a financial institution . . . ." The other provision, 18 U.S.C. § 1344(2), "makes criminal a knowing scheme to obtain property owned by, or in the custody of, a bank 'by means of false or fraudulent pretenses, representations, or promises.'" *Loughrin v. United States*, 573 U.S. 351, 353 (2014) (quoting Section 1344(2)). The same evidence supports both violations. The complaint alleges and the Affidavit of Postal Inspector Chung provides supporting facts to establish that defendants are engaged in a common scheme—using transaction laundering and chargeback reduction tactics—to defraud financial institutions into providing fraudulent, illegal, or high-risk merchants with payment processing services and merchant accounts, many of which are held by federally insured financial institutions. (ECF No. 1 at ¶¶ 70-81; ECF No. 2-3 at ¶¶ 147, 149). That scheme involves numerous material falsehoods conveyed to financial institutions including misrepresentations about the nature of the merchant clients' business, straw owners controlling sham companies, the sham companies' purported business activities, and sham microtransactions

conducted to deceived financial institutions. (ECF No. 2-1 at 8-14 (citing to summary of facts in United States' Brief in Support of Ex Parte Motion for Temporary Restraining Order)).

To prove wire fraud under 18 U.S.C. § 1343, the United States must establish that Defendants (1) are participating in a scheme to defraud, (2) that uses wire, radio, or television to further that scheme, and (3) are acting with the specific intent to defraud. *See United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017). The same evidence outlined above meets this requirement, showing that defendants are participating in a wire fraud scheme with the intent to defraud consumers, their banks, and payment processors. There is no dispute as to the "use of wire" element because defendants' misrepresentations over email, telephone, and use of payment processing system fulfill this requirement. (ECF No. 2-3 at ¶ 63.)

Lastly, pursuant to 18 U.S.C. ¶ 1349, "[c]onspiracy is established 'when there is an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense.'" *United States v. Proshak*, No. CR 13-00264-SJO, 2015 WL 13388251, at *4 (C.D. Cal. Mar. 31, 2015) (quoting *United States v. Bailey*, 607 F.2d 237, 243 (9th Cir. 1979)); *see also United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999). The same evidence noted above establishes that defendants have acted in concert and reached a meeting of the minds as to their joint participation in the scheme to defraud financial institutions through transaction laundering and chargeback reduction tactics. (ECF No. 2-1 at 8-14; ECF No. 1; ECF No. 2-3.) Because the United States has demonstrated the merit of its claims and the sufficiency of its complaint, the second and third factors also favor the entry of default judgment against the defaulting defendants.

### 3.    Sum of Money at Stake

Under the fourth *Eital* factor, the court must consider the amount of money at stake in relation to the seriousness of defendants' conduct. The United States does not seek a monetary judgment, only injunctive relief. This factor, therefore, favors the entry of default judgment. Although the Court froze some of defendants' assets, this should not alter the Court's weight of

this factor because there is good cause to believe that the assets are the proceeds of the alleged fraud. (ECF No. 35 at 3).

### 4.    Possibility of a Dispute Concerning Material Facts

The fifth factor also weighs in favor of default judgment. The United States has provided well-pleaded allegations supporting its claims regarding bank fraud, wire fraud, and conspiracy to commit the same. Moreover, the court-appointed receiver has submitted three reports to the Court, each of which provide additional evidence supporting the allegations made by the United States. None of these reports contain any suggestion that there could arise any dispute as to a material fact alleged by the United States. (ECF No. 23, 67, 72).

### 5.    Whether the Default was Due to Excusable Neglect

This factor weighs in favor of default judgment. In addition to being properly served, every individual defendant in default (Travis Smith, Stephen Christopher, and Bryan Bass) has been contacted directly or through counsel by undersigned counsel or the court-appointed receiver. Through these contacts, no defendant or their representative has raised any argument or issue that could amount to excusable neglect.

### 6.    Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

This seventh *Eitel* factor weighs in favor of default judgment. To obtain injunctive relief, the United States had to show a likelihood of success on the merits. (*See* Plaintiff's Brief in Support of TRO at 17, ECF No. 2-1). In support of its allegations, the United States submitted to the Court two affidavits from United Postal Inspector Jason Chung totaling over 55 pages and 100 exhibits (ECF Nos. 2-4, 2-5, 2-6, 2-7, and 2-8; ECF Nos. 30-1 and 30-2). Based on that record, the Court found good cause to believe that the United States would succeed on the merits. Therefore, unlike civil actions that do not involve a request for a preliminary injunction, many of the material facts in this case have been presented by the United States, defendants have had the opportunity to contest those facts, and the Court has had the opportunity to scrutinize those facts,

1   and the Court determined that the United States is likely to succeed on the merits. (ECF Nos. 34-

2   35.)

3   **B.      This Court Has Authority Pursuant to 18 U.S.C. § 1345 to Grant the Requested**

4   **Relief**

5          Title 18, Section 1345 authorizes the United States to "commence a civil action in any

6   Federal court to enjoin" persons who are "violating or about to violate" the provisions of the

7   federal fraud statute, including 18 U.S.C. §§ 1343, 1344, and 1349. Section 1345 further

8   provides that a district court "may, at any time before final determination, enter such a

9   restraining order or prohibition, or take such other action, as is warranted to prevent a continuing

10  and substantial injury to the United States or to any person or class of persons for whose

11  protection the action is brought." 18 U.S.C. § 1345(b). Congress enacted Section 1345 out of

12  concern that innocent people would "continue to be victimized" by fraud schemes during the

13  "months, if not years, before [a] case is ready for criminal prosecution" and the statute is

14  designed to prevent such harm. S. Rep. No. 98-225, at 401–02 (1984), reprinted in 1984

15  U.S.C.C.A.N. 3182, 3539–40; *see also United States v. Am. Heart Rsch. Found.*, 996 F.2d 7, 11

16  (1st Cir. 1993) (explaining that because Section 1345 is intended to provide expedited relief,

17  "courts should not handicap and delay injunction actions by insisting that the government assert

18  at the same time [associated] civil damage claims").

19  **C.      The Proposed Injunctive Relief Is Appropriate in Light of Defendants' Conduct**

20         The United States has filed this action to put a stop to Defendants' unlawful scheme and

21  to prevent them from continuing this ongoing fraud. Accordingly, the proposed permanent

22  injunction will extend the relief provided by the preliminary injunction and: (1) enjoin

23  Defendants from pursuing their fraud scheme or destroying relevant evidence; (2) freeze the

24  assets of the corporate entity defendants; and (3) appoint a temporary receiver over the corporate

25  defendants.

26         This relief is within the expansive spectrum of remedies available under Section 1345,

27  which authorizes this Court to decree broad remedial relief whenever a person is engaged in or

about to engage in mail fraud or banking law violations. *United States v. Brown*, 988 F.2d 658, 662-63 (6th Cir. 1993) ("[Section 1345(b)] grants broad remedial authority to the district court."). Moreover, when a court sits in equity, restraints on its authority should not be lightly inferred. *See FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 598 (9th Cir. 2016) (holding that when Congress authorizes injunctive relief, it invokes the court's equity jurisdiction, limitations on which should not be casually inferred).

## IV.    CONCLUSION

The facts summarized above and set forth in the attached affidavit provide ample basis to conclude that a default judgment should be entered. Accordingly, the United States requests pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure that the Court enter a default judgement as to Defendants Travis Smith, Stephen Christopher, Bryan Bass, CB Surety LLC, Peak Bakery LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Bass Business Consultants, and Think Processing LLC for their failure to appear or otherwise respond to the government's Complaint within the time prescribed by Rule 12 of the Federal Rules of Civil Procedure.

Dated: July 25, 2024                              Respectfully submitted,


PHILLIP A. TALBERT                                BRIAN M. BOYNTON
United States Attorney                            Principal Deputy Assistant Attorney General

TARA AMIN                                         ARUN G. RAO
Assistant United States Attorney                  Deputy Assistant Attorney General

                                                  AMANDA N. LISKAMM
                                                  Director, Consumer Protection Branch

                                                  RACHAEL L. DOUD
                                                  Assistant Director, Consumer Protection Branch


                                                  ANDREW K. CRAWFORD
                                                  FRANCISCO L. UNGER
                                                  Trial Attorneys
                                                  United States Department of Justice

                                                  *Attorneys for Plaintiff United States of America*