Matthew Jacobs (SBN: 331916)
THE JACOBS LAW FIRM, PC
5743 Corsa Avenue, Suite 208
Westlake Village, CA 91362
Telephone: (805) 601-7504
Email: matt@jacobslawfirm.com

*Attorney for Defendants Aric Gastwirth,*
*Reseller Consultants, Inc., and Ambragold, Inc.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CB SURETY, LLC, et al.,<br><br>Defendants, | Case No. 2:23-cv-02812-TLN-SCR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION OF DEFENDANTS ARIC GASTWIRTH, RESELLER CONSULTANTS, INC., AND AMBRAGOLD, INC. FOR A TEMPORARY, FOUR-MONTH STAY**<br><br>Hon. Troy L. Nunley<br><br>Date:        December 19, 2024<br>Time:        2:00 p.m.<br>Courtroom:  2 |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 1

APPLICABLE LAW ..................................................................................................... 1

DISCUSSION ................................................................................................................ 3

   A.  A Temporary Stay Is Necessary to Protect Gastwirth's Fifth Amendment Rights .............. 3

   B.  The *Keating* Factors ............................................................................ 4

       1.   Keating Factor 1: Interest of the Plaintiff in Proceeding Expeditiously ............. 5

       2.   Keating Factor 2: Burden Imposed on Defendants ............................ 5

       3.   Keating Factor 3: Convenience to the Court in Management of Its Cases and Efficient Use of Judicial Resources ............................... 6

       4.   Keating Factors 4 and 5: Interest of Non-Parties and the Public ...................... 6

CONCLUSION ............................................................................................................... 7

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION OF THE
GASTWIRTH DEFENDANTS FOR A TEMPORARY, FOUR-MONTH STAY

**INTRODUCTION**

Defendants Aric Gastwirth ("Gastwirth"), Reseller Consultants, Inc., and Ambragold, Inc. (together, the "Gastwirth Defendants") are defendants in the above-captioned action. Because the Complaint of Plaintiff United States of America ("United States") alleges underlying criminal conduct, a temporary, four-month stay is necessary to prevent Gastwirth from being forced to choose between (1) invoking his Fifth Amendment rights and dealing with the resulting adverse inference, and (2) potentially suffering the criminal consequences of waiving his Fifth Amendment rights. The United States does not oppose the Gastwirth Defendants' Motion for a Temporary, Four-Month Stay as to the Gastwirth Defendants only.[1] Declaration of Matthew Jacobs ("Jacobs Decl.") ¶ 6.

**FACTUAL BACKGROUND**

In December 2023, the United States filed a Complaint against the Gastwirth Defendants, the Defendants in Default, and the Eide Defendants "to enjoin the [alleged] ongoing commission of criminal wire fraud and bank fraud and conspiracy to commit those offenses in violation of 18 U.S.C. §§ 1343, 1344, and 1349." ECF 1 ¶ 1. At that time, the Gastwirth Defendants were represented by Manny Medrano ("Prior Counsel"). On September 23, 2024, this Court granted Gastwirth Defendants' substitution of counsel to Matthew Jacobs. ECF 89.

**APPLICABLE LAW**

This Court's 2020 decision in *CFTC v. Financial Tree*, 2020 U.S. Dist. LEXIS 201396, 20-cv-01184-TLN (E.D. Cal. Oct. 26, 2020) (Nunley, C.J.) ("*Financial Tree*"), granting

---

[1] The Other Defendants in this action fall into two categories: (1) the "Defendants in Default" (*i.e.*, defendants Travis Smith, Stephen Christopher, Bryan Bass, CB Surety LLC, Peak Bakery LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Bass Business Consultants, and Think Processing LLC); and (2) the "Eide Defendants" (*i.e.*, defendants Thomas Eide and Cascade Pointe at Clemson, LLC). Jacobs Decl. ¶ 4.

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION OF THE GASTWIRTH DEFENDANTS FOR A TEMPORARY, FOUR-MONTH STAY

1  defendant's unopposed motion for a temporary stay, summarizes the relevant law governing

2  requests to stay civil proceedings:

3
4
5

> A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *see also Federal Sav. & Loan Ins. Corp. v. Molinaro (Molinaro)*, 889 F.2d 899, 902 (9th Cir. 1989) ("A court may decide to stay the civil case when required by the interests of justice."); *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

> "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (*quoting Molinaro*, 889 F.2d at 902); *SEC v. Dresser Indus.* (*Dresser*), 628 F.2d 1368, 1375, 202 U.S. App. D.C. 345 (D.C. Cir.), *cert. denied*, 449 U.S. 993, 101 S. Ct. 529, 66 L. Ed. 2d 289 (1980). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[] to require such action.'" *Keating*, 45 F.3d at 324 (*quoting United States v. Kordel*, 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970)); *compare Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 781 F. App'x 666, 666 (9th Cir. 2019) (fairest and most efficient course of litigation may be to enter a stay of an action pending resolution of independent proceedings which bear upon the case) with *Bank of Montreal v. Salyer*, 599 F. App'x 706, 707 (9th Cir. 2015) (finding stay not warranted "[i]n the absence of substantial prejudice to the rights of the parties involved").

21
22
23
24
25
26
27
28

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Keating*, 45 F.3d at 324 (*quoting Molinaro*, 889 F.2d at 902). Specifically, the Court should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.*; *Continental Ins. Co. v. Cota*, Nos. 08-2052 SC, 07-5800 SC, 07-6045 SC, 07-5926 SC, 08-2268 SC, 2008 U.S. Dist. LEXIS 111050, 2008 WL 4298372, at *2 (N.D. Cal. Sept. 19, 2008) (deeming the assessment of a defendant's Fifth Amendment rights to be the "first consideration" in evaluation of a stay request). In

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION OF THE
GASTWIRTH DEFENDANTS FOR A TEMPORARY, FOUR-MONTH STAY

1

2

3

4

5

6

7

8

> addition, the district court must balance the interests of the parties, the public, and the court through consideration of the following factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324-25; *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

9

*Financial Tree*, U.S. Dist. LEXIS 201396, at *6-8.

10

## DISCUSSION

11

**A.    A Temporary Stay Is Necessary to Protect Gastwirth's Fifth Amendment Rights**

12

13

As this Court and others have recognized, a defendant's Fifth Amendment rights should be

14

the "'*first consideration*' in evaluation of a stay request." *Financial Tree*, 2020 U.S. Dist. LEXIS

15

201396, at *7 (emphasis added) (quoting *Continental Ins.*, 2008 U.S. Dist. LEXIS at *2). There is

16

no dispute that the United States' Complaint alleges underlying criminal acts. Indeed, the first

17

sentence of the complaint states, "The United States brings this [civil] action . . . to enjoin the

18

ongoing [alleged] commission of *criminal* wire fraud and bank fraud and conspiracy to commit

19

those offenses in violation of 18 U.S.C. §§ 1343, 1344, and 1349." ECF 1 ¶ 1 (emphasis added).

20

The potential prejudice to the Gastwirth Defendants is similarly undeniable. Absent a

21

temporary stay, Gastwirth will be forced to choose between (1) invoking his Fifth Amendment

22

rights and facing the resulting adverse inference, or (2) potentially suffering the criminal

23

consequences of waiving his Fifth Amendment rights. This Court granted a temporary stay in

24

*Financial Tree* under very similar circumstances, explaining that:

25

26

27

28

> While a defendant "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege," *Keating*, 45 F.3d at 326, the Court is mindful that allowing the civil action to proceed may nevertheless undermine [defendant's] Fifth Amendment privilege, expand criminal discovery beyond the limits of the rules of criminal

3

procedure, expose the defense strategy to the prosecution before
the criminal trial, or cause other prejudice.

*Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at *8 (citing *CFPB v. Glob. Fin. Support, Inc.*, 2016 U.S. Dist. LEXIS 64959, at *3 (S.D. Cal. May 17, 2016).

The absence of a criminal indictment against the Gastwirth Defendants does not diminish the threat to Gastwirth's Fifth Amendment rights. *Cf Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at *9 ("Nor does the fact that the [prosecuting authority] has not yet charged the [individual defendant and corporate defendants] in the parallel criminal matter . . . diminish the implication of [the individual defendant's] Fifth Amendment rights."). "[C]ourts routinely acknowledge circumstances that present a compelling basis for a stay, even when," as here, "an indictment has not been issued." *Financial Tree*, at *9 (*citing Chao v. Fleming*, 498 F. Supp. 2d 1034, 1038, 1040 (W.D. Mich. 2007). Because discovery in this matter concerns alleged criminal conduct—*i.e.*, the alleged "commission of criminal wire fraud and bank fraud and conspiracy to commit those offenses in violation of 18 U.S.C. §§ 1343, 1344, and 1349," ECF 1 ¶ 1— Gastwirth's Fifth Amendment rights will be severely prejudiced absent a stay.

**B.**    **The *Keating* Factors**

Although the "first consideration" in evaluating a stay request is the defendant's Fifth Amendment rights, *Financial Tree*, at *7 (quoting *Continental Ins.*, 2008 U.S. Dist. LEXIS at *2), when determining the appropriateness of a stay, "a district court is required to perform a five-factor balancing test, considering the interest of the parties, the public and the court," *Blue Cross & Blue Shield of Ala. V. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). The five factors courts commonly consider—referred to as the "*Keating* Factors"—are: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal

4

litigation. *Keating*, 45 F.3d at 324-25. As explained below, each *Keating* factor favors temporarily

staying this action as to the Gastwirth Defendants.

**1.      Keating Factor 1: Interest of the Plaintiff in Proceeding Expeditiously**

The first *Keating* factor concerns "the interest of the plaintiff in proceeding expeditiously

with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a

delay." *Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at *8 (*citing Keating*, 45 F.3d at 324-25).

The temporary, four-month stay the Gastwirth Defendants request will not "unduly prejudice" the

United States, much less cause prejudice sufficient to outweigh the prejudice to Gastwirth's Fifth

Amendment rights that would result absent a stay. In *Financial Tree*, when assessing this

particular factor, the Court explained that a temporary "stay will . . . permit the [prosecution

authority] time to determine whether to charge the [individual and corporate] Defendants

criminally, and significantly lessen [the individual defendant's] Fifth Amendment-related

concerns." *Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at *9-10.

Moreover, the requested stay is limited in duration and "narrowly drawn" to apply to the

Gastwirth Defendants only to minimize any prejudice to the United States. *Cf Financial Tree*,

2020 U.S. Dist. LEXIS 201396, at *10 (finding that "the proposed order for the requested stay is

narrowly drawn and appropriately preserves CFTC's ability to litigate essential aspects of the case,

such as the various contempt motions currently pending before this Court . . . and the monitoring

of [defendant's] reasonable expenses pursuant to the modified terms of the [Preliminary

Injunction]   . . . and to pursue third-party discovery").

**2.      Keating Factor 2: Burden Imposed on Defendants**

The second *Keating* factor concerns "the burden which any particular aspect of the

proceedings may impose on the defendants." *Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at

*8 (*citing Keating*, 45 F.3d at 324-25). As noted above, ongoing discovery would impose an

"undue burden" on the Gastwirth Defendants by adversely impacting Gastwirth's Fifth

Amendment rights. *Cf Financial Tree*, at *10-11 ("As to the second [*Keating*] factor, the Court

finds the absence of a stay would impose an undue burden on [the individual defendant] by

impacting his Fifth Amendment rights in the manner previously discussed. *Glob. Fin. Support*, 2016 U.S. Dist. LEXIS 64959, 2016 WL 2868698, at *3. Accordingly, the second factor weighs in favor of granting the requested stay.")

**3.    Keating Factor 3: Convenience to the Court in Management of Its Cases and Efficient Use of Judicial Resources**

The third *Keating* factor concerns "the convenience of the court in the management of its cases, and the efficient use of judicial resources." *Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at *8 (*citing Keating*, 45 F.3d at 324-25). A temporary stay will not inconvenience the Court or waste judicial resources. To the contrary, the proposed stay "makes efficient use of judicial resources by ensuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at *11 (quoting *Taylor, Bean & Whitaker Mortg. Corp v. Triduanum Fin., Inc.,* 2009 U.S. Dist. LEXIS 60849, at *10 (E.D. Cal. July 15, 2009)). Moreover, the requested stay would not prevent the United States from continuing to litigate or resolve this matter as to all remaining defendants. For example, the United States has a pending motion for entry of default judgment as to Defendants in Default. ECF 87, 90.

**4.    Keating Factors 4 and 5: Interest of Non-Parties and the Public**

The final two *Keating* factors—which concern the "interests of persons not parties to the civil litigation" and "the interest of the public in the pending civil and criminal litigation," respectively, *Financial Tree*, 2020 U.S. Dist. LEXIS 201396 at *8 (*citing Keating*, 45 F.3d at 324-25)—also favor granting the requested stay. Like the temporary stay in *Financial Tree*, the requested stay here "is consistent with the public's interests because 'the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.'" *Financial Tree*, 2020 U.S. Dist. LEXIS 201396 at *11 (*quoting Jones v. Conte,* 2005 U.S. Dist. LEXIS 46962, at *2 (N.D. Cal. Apr. 19, 2005)). "Moreover, the stay would provide [Gastwirth] a meaningful opportunity to exercise his constitutional rights, thus promoting the interests of the public at large." *Financial Tree*, 2020 U.S. Dist. LEXIS 201396, at *11.

MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION OF THE GASTWIRTH DEFENDANTS FOR A TEMPORARY, FOUR-MONTH STAY

1

**<u>CONCLUSION</u>**

2

      For the reasons set forth above, the Gastwirth Defendants respectfully request that the

3

Court grant the Unopposed Motion for a temporary, four-month stay.

4

5

Dated: November 4, 2024                Respectfully submitted,

6

THE JACOBS LAW FIRM, PC

7

By: _____

8

Matthew Jacobs

9

5743 Corsa Avenue, Suite 208
Westlake Village, CA 91362

10

Tel: (805) 601-7504
Email: matt@jacobslawfirm.com

11

12

*Attorney for Defendants Aric Gastwirth,*
*Reseller Consultants, Inc, and*

13

*Ambragold, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7