# Exhibit 1

Honorable Troy L. Nunley

United States District Judge

United States District Court for the Eastern District of California


Preliminary Injunction – March 4, 2025

Interim Report of Temporary Federal Receiver

Kenneth R. Jones


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


United States of America,

Plaintiff,

v.                                                          Civil Case No. 2:23-cv-02812-TLN-SCR

CB SURETY, LLC, et al.,

Defendants.


Interim Report of Temporary Federal Receiver


On December 7, 2023, a temporary restraining order ("TRO" or "order") was unsealed and appointed me as temporary receiver over the "CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Reseller Consultants, Inc., Ambragold, Inc., Think Processing LLC, and Bass Business Consultants." *See* ECF No. 7.

The Court's order was based, in part, on the affidavit of US Postal Inspector Jason Chung. *See* ECF No. 2-3.

The Receiver's First Interim Status Report was submitted to the court on December 29, 2023. On January 5, 2024, the Court issued a preliminary injunction in this matter, continuing the interim receivership and directing that the Receiver file a subsequent every 60 days. *See* ECF No. 35.  On August 8, 2024, the Court added Won It All, Inc. and Run It Up, Inc. as Receivership Entities. ECF No. 82.

The contents of this Interim Status Report will focus largely on the actions taken since the last interim report and only reference items previously reported as they pertain to recent actions.

**Table of Contents**

I.      **Crypto Aspects of Alleged Scheme**................................................................................ 3

II.     **Strategy to Finalize Fact-finding** .................................................................................. 3

III.    **Receivership Expenses Summary Through February 28, 2025** ................................... 3

## I.    Crypto Aspects of Alleged Scheme

Recently, the Receiver was in contact with an individual potential victim of the alleged scheme that had come into contact with Reseller Consultants through a different channel previously unknown to the Receiver.  This individual was directed to CB Surety LLC and Reseller Consultants through a company that operates under the website RRR247.com.  According to the potential victim, Roy Ricord, the individual who operates RRR247, offered opportunities to earn money through the purchase Helium Hotspots.  These hotspots would then be used to mine Helium Network Tokens ("HNT"), a cryptocurrency, in exchange for a fixed monthly amount for a 12-month period.  As these individuals mined the cryptocurrency, the HNT would then be moved from the individuals' wallets to another wallet.

In addition to this cryptocurrency mining endeavor, the individual was also connected with CB Surety LLC and had an LLC opened up in their name, along with bank accounts and merchant accounts. To date, it is not perfectly clear how the cryptocurrency mining ties into the CB Surety, but as the Receiver receives more documentation regarding RRR247 it will be reviewed and reported back to the Court.

The initial assessment is that the existing Receivership Entities were utilized in a similar manner as alleged in the report of the U.S. Postal Inspector and also consistent with the fact finding of the Receiver based on analysis of the corporate records of the Receivership Entities. Like the LLC owners, the Helium Hotspots were established entities to mine Helium Hotspots in exchange for a fee, opened LLC accounts and opened merchant accounts but lost control of the funds flowing into and out of those accounts.

The fact finding continues, but current Receivership Entities appear to be involved in recruiting entities for crypto mining similar to those entities who were recruited to establish LLCs.

## II.    Strategy to Finalize Fact-finding

To date, the Receivership has sought, captured, and analyzed a significant number of corporate records and data from and relating to the Receivership entities.  Recently, the Receiver sought and received access to additional data hosted by third party service providers.  The DOJ continues to provide data to the Receiver that was seized from the Defendants, Receivership Entities and/or third parties (including banks).  Together with the Receiver's data collection, corporate records and other materials are helping the Receiver form a complete understanding of the facts.  The Receiver is still in the process of reviewing and analyzing those additional materials.

## III.    Receivership Expenses Summary Through February 28, 2025

The total amount of funds spent since the last Receivership report, through February 28, 2025, is $176,959.78.

*Fact Gathering*

Since the last Receiver report, the Receiver has reached out to LLC Owners and crypto entities as discussed in the above report.  This outreach has led to the Receiver identifying additional Receivership funds and has informed the Receiver about various litigation occurring for a handful of LLC Owners.

*Requests from federal agencies:*

The Receiver continues to receive requests from federal agencies and likewise the Receiver has requested information in the possession of federal agencies, which the Receiver believes to be corporate records of the Receivership Entities. This is an ongoing aspect of the Receiver's fact gathering related to corporate records and the Court's order to cooperate with reasonable requests for information from the Government.

*Asset Tracing*

The Receivership is continuing its effort to identify additional funds that may be property of the Receivership not previously identified. This has included reviewing financial documents, court filings, background information of Defendants, and other legal entities that may have been involved in the alleged scheme. This process is ongoing and will continue as the Receiver continues to receive new and updated information.

*Evidence tracking and Preserving data*

The Receiver has continued to use forensic technology resources to access and store corporate records, largely from those Receivership Entities not located at the Rancho Drive location.

A number of funds spent throughout the preceding months have been in relation to gathering, communicating, and providing various documents to various government agencies as per the stipulation of the order. Additionally, funds have been spent to make sure that any documents received are able to be reviewed and that the data is not corrupt. The Receiver has made an effort to make sure only the appropriate documents responsive to the requests are provided and that such requests are responded to in a timely manner pursuant to the Court's order.

*Project Management*

The final category of funds spent through February 28, 2025, is related to general project management. This includes internal meetings to coordinate priorities, discussions with counsel, and drafting of requests. Additionally, the Receiver has had a number of calls with attorneys for various LLC Owners discussing litigation that has arisen for these individuals due to the actions of this scheme. A detailed invoice for time spent by the Receiver along with those I have deemed necessary is available at the request of the Court.

Summary of Expenses for Receivership Counsel

Since the last report, the Receiver incurred $32,867.50 in expenses for professional services from counsel at DLA Piper LLP (US). The expenses for professional services from counsel at DLA Piper LLP (US) for the month of December 2024 were $16,007.50 and for January 2025 they were $16,860.00.

These fees included conferring with counsel for Defendants, conferring with DOJ, conferring with counsel for various LLC Owners, and advising on requests for information to support the Receiver's duties under the Preliminary Injunction. A detailed invoice for time spent by Counsel is available at the request of the Court.

Respectfully submitted,

 Kenneth R. Jones
Temporary Federal Receiver