MICHELE BECKWITH
Acting United States Attorney
TARA AMIN
Assistant United States Attorney
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

YAAKOV ROTH
Acting Assistant Attorney General
MICHAEL GRANSTON
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
LISA K. HSIAO
Deputy Director, Civil Litigation
C.B. BUENTE
Assistant Director
ANDREW K. CRAWFORD
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
Telephone: (202) 451-7301
Email: andrew.k.crawford@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Civil Case No. 2:23-cv-02812-TLN-SCR |
| Plaintiff, | [PROPOSED] STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANTS THOMAS EIDE AND CASCADES POINTE AT CLEMSON, LLC |
| v. | |
| CB SURETY, LLC, et al., | |
| Defendants. | |

On December 1, 2023, the United States filed its Complaint for a Temporary Restraining Order, Preliminary and Permanent Injunctions, and Other Equitable Relief (the "Complaint") (ECF No. 1) against Defendants Thomas Eide and Cascades Pointe at Clemson, LLC ("Cascades Pointe") and other named Defendants, pursuant to 18 U.S.C. § 1345, based on Defendants' alleged violations of 18 U.S.C. §§ 1343, 1344, and 1349. On December 6, 2023, the Court issued its Order granting the United States' *Ex Parte* Motion for a Temporary Restraining Order ("TRO") (ECF No. 7). On January 5, 2024, the Court issued its Order granting the United States' request for a preliminary injunction (ECF No. 35). Among other terms, the Preliminary Injunction froze the Assets of Thomas Eide and Cascades Pointe, and appointed Kenneth R. Jones as Receiver over Thomas Eide and Cascades Pointe until further order of the Court. On August 6, 2024, the Court granted the United States' unopposed motion to expand the Receivership to include the entities Won It All, Inc. and Run It Up, Inc. (ECF No. 82).

THIS CAUSE is before the Court upon the stipulation to entry of a permanent injunction and final judgment entered into by Plaintiff United States and Thomas Eide and Cascades Pointe. Plaintiff and Thomas Eide and Cascades Pointe wish to resolve Plaintiff's allegations in this action without further litigation and jointly request and consent to the entry of this Stipulated Order.

The Court, having reviewed the Stipulation and being otherwise fully advised, it is hereby **ADJUDGED, ORDERED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter and Plaintiff and Eide and Cascades Pointe pursuant to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

2. For the purposes of this action, Eide and Cascades Pointe admit the facts necessary to establish jurisdiction and agree that this Court may enter and enforce this Stipulated Order and Final Judgment against them in the United States. Eide and Cascades Pointe otherwise neither admit nor deny any of the allegations in the Complaint.

3. Per agreement between the United States and Eide and Cascades Pointe, the Stipulation and this Order resolve only the claims against Eide and Cascades Pointe in the above-captioned civil lawsuit. They do not prevent the United States from pursuing criminal penalties against Eide and Cascades Pointe in relation to the conduct alleged in the Complaint, nor does Eide's and Cascades Pointe's Stipulation constitute evidence that Eide and Cascades Pointe committed the acts alleged in the Complaint, or in any way prejudices Eide's and Cascades Pointe's ability to contest the allegations in the Complaint in any future proceeding.

## DEFINITIONS

For the purpose of this Stipulated Order, the following definitions shall apply:

1. "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

2. "Asset Freeze" means the freezing of applicable assets in keeping with the terms of the Preliminary Injunction (ECF No. 35 at 6-7), including, but not limited to, imposition of a prohibition on the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such assets.

3. "Eide" means Thomas Eide.

4. "Cascades Pointe" means Cascades Pointe at Clemson, LLC.

5. "Defendants" means the Defendants named in the Complaint (ECF No. 1): Thomas Eide, Travis Smith, CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Stephen Christopher, Motion Media Marketing Inc., SJC Financial Services Inc., Aric Gastwirth, Reseller Consultants, Inc., Ambragold, Inc., Bryan Bass, Think Processing LLC, and Bass Business Consultants.

6. "Document" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a).

7. "Receiver" means Kenneth R. Jones, and any deputy receivers that shall be named by him.

8. "Receivership Entities" means CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Reseller Consultants, Inc., Ambragold, Inc., Won It All, Inc., Run It Up, Inc., Think Processing LLC, and Bass Business Consultants, as well as any other entity that the Receiver determines is controlled or owned by Eide or Cascades Pointe and that the Receiver determines has been involved in the scheme alleged in the Complaint, including receipt of Assets derived from any activity that is the subject of the Complaint.

9. "Receivership Property" means any Assets, wherever located, that are: (1) owned, controlled, or held by or for the benefit of the Receivership Entities, in whole or in part; (2) in the actual or constructive possession of the Receivership Entities; or (3) owned, controlled, or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by the Receivership Entities.

## ORDER

### I.   PROHIBITED ACTIVITIES

Upon entry of this Stipulated Order, Eide's and Cascades Pointe's officers, agents, employees, and contractors and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

1. Committing or conspiring to commit wire fraud, as defined by 18 U.S.C. §§ 1343 and 1349;

2. Committing or conspiring to commit bank fraud, as defined by 18 U.S.C. §§ 1344 and 1349;

3. Charging or debiting any person or entity on behalf of any Defendant(s) or for the purported purchase of any Defendant(s)' services;

4. Debiting funds from consumers' bank accounts or charging consumers' payment cards without their prior authorization;

5.     Incorporating or creating any corporate entity for the purpose of debiting funds from consumers' bank accounts without their prior authorization;

6.     Incorporating or creating any corporate entity for the purpose of facilitating payment processing or obtaining Merchant Accounts.

7.     Destroying, deleting, moving, removing or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by Defendants that have been involved in the alleged scheme, including involvement in circulating funds related to the scheme; and

8.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## II.     COOPERATION WITH RECEIVER AND ASSET FREEZE

Assets held by or controlled by Eide or Cascades Pointe that were frozen pursuant to the TRO (ECF No. 7) or the preliminary injunction (ECF No. 35) shall remain frozen. Assets belonging to Eide may be unfrozen and released to his control if Eide can demonstrate to the satisfaction of the United States that the assets are not related to the alleged scheme.

For any Receivership Entities' Assets within the control of Eide and Cascades Pointe, their agents, their attorneys, and/or all other Persons in active concert or participation with them, Eide and Cascades Pointe shall:

1.     Hold, preserve, and retain within their control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any Receivership Entities' Assets, as well as all documents related to such Assets, except by further order of this Court or by direction of the Receiver;

2.     Fully cooperate with and assist the Receiver in taking and maintaining possession, custody, and control of the Receivership Entities' Assets; and

3. To the extent Eide and Cascades Pointe have not done so already, provide the United States, within seven (7) days after entry of this Order or of obtaining direct or indirect control over any Receivership Entities' Asset: (1) a list of all accounts, including savings, checking, investment, and Merchant Accounts held in the name of a Receivership Entity, for which any Eide or Cascades Pointe is an account holder, signatory, beneficiary, or over which Eide or Cascades Pointe otherwise have control; (2) a list of any other Assets held or controlled by Eide or Cascades Pointe in the name of a Receivership Entity; and (3) the balance of each such account, or a description of the nature and value of each such Asset.

4. If Eide or Cascades Pointe become aware of an account within their control which contains frozen Assets subject to this Order, and which Eide or Cascades has not fully disclosed to the United States, Eide or Cascades Pointe will promptly disclose that account to the United States.

### III.  COMPLIANCE MONITORING

For a period of five (5) years after the date of entry of this Order, Eide and Cascades Pointe must notify the United States if he or it:

1. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that provides, or consults or provides advice regarding payment processing or obtaining Merchant Accounts;

2. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that monitors return or chargeback rates for any other business or corporate entity;

3. Provides advice or consulting on how to lower or manage return or chargeback rates for any business or corporate entity; and/or

4. Creates, operates, or exercises control over any business entity related to payment processing or any other business activity described in the Complaint, whether newly formed or previously inactive.

5. For each incident in which Eide or Cascades Pointe engage in any of the conduct set forth in Section III.1-4 above, Eide and Cascades Pointe shall provide notice to the United

States by mailing a written statement to U.S. Postal Inspector Jason Chung, or other person authorized by the United States to receive such notice(s), disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## IV.   ORDER ACKNOWLEDGEMENT

1. Within five (5) days after entry of this Order, Eide and Cascades Pointe are ordered to submit to U.S. Postal Inspector Jason Chung a written acknowledgement of receipt of this Order. Eide and Cascades Pointe shall submit the written acknowledgement by U.S. Mail to:

>U.S. Postal Inspector Jason Chung
>San Francisco Division
>2501 Rydin Rd, Fl 2S
>Richmond, CA 94804-9712

2. This Order shall not be modified except in writing by agreement of Plaintiff and Eide and Cascades Pointe, and subject to approval by the Court.

3. This Order shall constitute a final judgment and order in this action.

4. This Court retains jurisdiction of this action for the purpose of enforcing or modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

5. Plaintiff and Eide and Cascades Pointe shall bear their own costs of this action, including attorneys' fees.

IT IS SO ORDERED.

DATED this ____ day of April, 2025

_____
United States District Judge

SO STIPULATED AND AGREED:

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

MICHELE BECKWITH
Acting United States Attorney
TARA AMIN
Assistant United States Attorney
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

YAAKOV ROTH
Acting Assistant Attorney General
MICHAEL GRANSTON
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
LISA K. HSIAO
Deputy Director, Civil Litigation
C.B. BUENTE
Assistant Director

_/s/ Andrew K. Crawford_
ANDREW K. CRAWFORD
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
Telephone: (202) 451-7301
Email: andrew.k.crawford@usdoj.gov

FOR DEFENDANTS THOMAS EIDE AND CASCADES POINTE AT CLEMSON, LLC:

_/s/ Thomas Eide_
THOMAS EIDE

_/s/ Daniel B. Olmos_
DANIEL B. OLMOS

Attorney for Thomas Eide and Cascades Pointe at Clemson, LLC

[PROPOSED] ORDER        8