MICHELE BECKWITH
Acting United States Attorney
TARA AMIN
Assistant United States Attorney
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

YAAKOV ROTH
Acting Assistant Attorney General
SARMAD KHOJASTEH
Acting Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
C.B. BUENTE
Assistant Director
ANDREW K. CRAWFORD
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
Telephone: (202) 451-7301
Email: andrew.k.crawford@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Civil Case No. 2:23-cv-02812-TLN-SCR |
| Plaintiff, | [PROPOSED] STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANT ARIC GASTWIRTH, DEFENDANT RESELLER CONSULTANTS, INC., DEFENDANT AMBRAGOLD, INC., WON IT ALL, INC., AND RUN IT UP, INC. |
| v. | |
| CB SURETY, LLC, et al., | |
| Defendants. | |

On December 1, 2023, the United States filed its Complaint for a Temporary Restraining Order, Preliminary and Permanent Injunctions, and Other Equitable Relief (the "Complaint") (ECF No. 1) against Defendants Aric Gastwirth, Reseller Consultants, Inc. ("Reseller Consultants"), and Ambragold, Inc. ("Ambragold") and other named Defendants, pursuant to 18 U.S.C. § 1345, based on Defendants' alleged violations of 18 U.S.C. §§ 1343, 1344, and 1349. On December 6, 2023, the Court issued its Order granting the United States' *Ex Parte* Motion for a Temporary Restraining Order ("TRO") (ECF No. 7). On January 5, 2024, the Court issued its Order granting the United States' request for a preliminary injunction (ECF No. 35). Among other terms, the Preliminary Injunction froze the Assets of Reseller Consultants and Ambragold, and appointed Kenneth R. Jones as Receiver over Reseller Consultants and Ambragold until further order of the Court. On August 6, 2024, the Court granted the United States' unopposed motion to expand the Receivership to include the entities Won It All, Inc. ("Won It All") and Run It Up, Inc. ("Run It Up"). (ECF No. 82).

THIS CAUSE is before the Court upon the stipulation to entry of a permanent injunction and final judgment entered into by Plaintiff United States and Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up. Plaintiff and Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up wish to resolve Plaintiff's allegations in this action without further litigation and jointly request and consent to the entry of this Stipulated Order.

The Court, having reviewed the Stipulation and being otherwise fully advised, it is hereby **ADJUDGED, ORDERED, and DECREED** as follows:

## FINDINGS

1.  This Court has jurisdiction over this matter and Plaintiff and Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up. All pursuant to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

2.  For the purposes of this action, Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up admit the facts necessary to establish jurisdiction and agree that this Court may enter and enforce this Stipulated Order and Final Judgment against them in the United

States. Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up otherwise do not admit any of the allegations in the Complaint.

3. Per agreement between the United States and Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up the Stipulation and this Order resolve only the claims against Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up in the above-captioned civil lawsuit. They do not prevent the United States from pursuing criminal penalties against Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up in relation to the conduct alleged in the Complaint, nor does Gastwirth's, Reseller Consultants', Ambragold's, Won It All's, and Run It Up's Stipulation constitute evidence that Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up committed the acts alleged in the Complaint, or in any way prejudice Gastwirth's, Reseller Consultants', Ambragold's, Won It All's, and Run It Up's ability to contest the allegations in the Complaint in any future proceeding.

**DEFINITIONS**

For the purpose of this Stipulated Order, the following definitions shall apply:

1. "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

2. "Run It Up Monetary Assets" means the monetary assets seized from Run It Up that are part of the proceedings in Case No. 2:24-MC-00204-DAD-AC.

3. "Asset Freeze" means the freezing of assets pursuant to the Preliminary Injunction (ECF No. 35 at 6-7, ECF No. 82), including, but not limited to, imposition of a prohibition on the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such assets.

4. "Gastwirth" means Aric Gastwirth.

5. "Reseller Consultants" means Reseller Consultants, Inc.

6. "Ambragold" means Ambragold, Inc.

7. "Won It All" means Won It All, Inc.

8. "Run It Up" means Run It Up, Inc.

9.      "Defendants" means the Defendants named in the Complaint (ECF No. 1): Thomas Eide, Travis Smith, CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Stephen Christopher, Motion Media Marketing Inc., SJC Financial Services Inc., Aric Gastwirth, Reseller Consultants, Inc., Ambragold, Inc., Bryan Bass, Think Processing LLC, and Bass Business Consultants.

10.     "Document" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a).

11.     "Receiver" means Kenneth R. Jones, and any deputy receivers that shall be named by him.

12.     "Receivership Entities" means CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Reseller Consultants, Inc., Ambragold, Inc., and Won It All, Inc., Think Processing LLC, and Bass Business Consultants, as well as any other entity (but not Run It Up) that the Receiver determines is controlled or owned by Gastwirth, Reseller Consultants, or Ambragold and that the Receiver determines has been involved in the scheme alleged in the Complaint, including receipt of Assets derived from any activity that is the subject of the Complaint. "Receivership Entities" does not include Run It Up.

13.     "Receivership Property" means any Assets, wherever located, that are: (1) owned, controlled, or held by or for the benefit of the Receivership Entities, in whole or in part; (2) in the actual or constructive possession of the Receivership Entities; or (3) owned, controlled, or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by the Receivership Entities. "Receivership Property" does not include Run It Up's Assets including the Run It Up Monetary Assets.

# ORDER

## I.  PROHIBITED ACTIVITIES

Upon entry of this Stipulated Order, Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up—and Reseller Consultants', Ambragold's, Won It All's, and Run It Up's officers, agents, employees, and contractors and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise—are permanently restrained and enjoined from:

1. Committing or conspiring to commit wire fraud, as defined by 18 U.S.C. §§ 1343 and 1349;

2. Committing or conspiring to commit bank fraud, as defined by 18 U.S.C. §§ 1344 and 1349;

3. Debiting funds from consumers' bank accounts or charging consumers' payment cards without their prior authorization;

4. Incorporating or creating any corporate entity for the purpose of debiting funds from consumers' bank accounts without their prior authorization;

5. Facilitating payment processing or obtaining Merchant Accounts as alleged in the Complaint.

6. Incorporating or creating any corporate entity for the purpose of facilitating payment processing or obtaining Merchant Accounts as alleged in the Complaint.

7. Destroying, deleting, moving, removing or transferring any and all business, financial, accounting, and other records concerning Reseller Consultants', Ambragold's, Won It All's, and Run It Up's operations and the operations of any other corporate entity owned or controlled, in whole or in part, by Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up that have been involved in the alleged scheme, including involvement in circulating funds related to the alleged scheme; and

8. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Reseller Consultants', Ambragold's, Won It All's, and Run It Up's

incomes, disbursements, transactions, and use of Reseller Consultants', Ambragold's, Won It All's, and Run It Up's Assets.

## II.   COOPERATION WITH RECEIVER AND ASSET FREEZE

Assets that were frozen pursuant to the TRO (ECF No. 7), the preliminary injunction (ECF No. 35), or the extension of the preliminary injunction (ECF No. 82) shall remain frozen, except for the assets of Run It Up. Run It Up, which was designated a Receivership Entity by order on August 5, 2025 (ECF No. 82), shall no longer be a Receivership Entity from the date of this Order.

For any Receivership Property within the control of Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up and their agents, their attorneys, and/or all other Persons in active concert or participation with them, Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up shall:

1. Hold, preserve, and retain within their control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any Receivership Property, as well as all documents related to such Assets, except by further order of this Court or by direction of the Receiver;

2. Fully cooperate with and assist the Receiver in taking and maintaining possession, custody, and control of the Receivership Property; and

3. To the extent Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up have not done so already, provide the United States, within fourteen 14 days after entry of this Order or of obtaining direct or indirect control over any Receivership Property: (1) a list of all accounts, including savings, checking, investment, and Merchant Accounts held in the name of a Receivership Entity, for which any Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up is an account holder, signatory, beneficiary, or over which Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up All otherwise have control; (2) a list of any other Assets held or controlled by Gastwirth, Reseller Consultants, Ambragold, Won It All, or

Run It Up in the name of a Receivership Entity; and (3) the balance of each such account, or a description of the nature and value of each such Asset.

4. If Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up become aware of an account within their control which contains frozen Assets subject to this Order, and which Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up has not fully disclosed to the United States, Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up will promptly disclose that account to the United States.

### III. COMPLIANCE MONITORING

For a period of five (5) years after the date of entry of this Order, Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up must notify the United States if he or it:

1. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that provides, or consults or provides advice regarding payment processing or obtaining Merchant Accounts as alleged in the Complaint;

2. Creates, operates, is employed by, or otherwise becomes involved in any business or entity that monitors return or chargeback rates for any other business or corporate entity as alleged in the Complaint;

3. Provides advice or consulting on how to lower or manage return or chargeback rates for any business or corporate entity; and/or

4. Creates, operates, or exercises control over any business entity related to payment processing or any other business activity described in the Complaint, whether newly formed or previously inactive.

5. For each incident in which Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up, engage in any of the conduct set forth in Section III.1-4 above, Gastwirth, Reseller Consultants, Ambragold, Won It All, or Run It Up shall provide notice to the United States by mailing a written statement to U.S. Postal Inspector Jason Chung, or other person authorized by the United States to receive such notice(s), disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business

entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

6. Upon request of the United States, Run It Up must provide the United States within fourteen (14) days, with: (1) documents reflecting any transactions related to the Run It Up Monetary Assets; and (2) federal and state tax filings for Run It Up.

## IV.   ORDER ACKNOWLEDGEMENT

1. Within five (5) days after entry of this Order, Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up are ordered to submit to U.S. Postal Inspector Jason Chung a written acknowledgement of receipt of this Order. Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up shall submit the written acknowledgement by U.S. Mail to:

> U.S. Postal Inspector Jason Chung
> San Francisco Division
> 2501 Rydin Rd, Fl 2S
> Richmond, CA 94804-9712

2. This Order shall not be modified except in writing by agreement of Plaintiff and Gastwirth, Reseller Consultants, Ambragold, Won It All, and Run It Up and subject to approval by the Court.

3. This Order shall constitute a final judgment and order in this action.

4. This Court retains jurisdiction of this action for the purpose of enforcing or modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

5. Plaintiff and Gastwirth, Reseller Consultants, and Ambragold shall bear their own costs of this action, including attorneys' fees.

IT IS SO ORDERED.

DATED this ____ day of May, 2025

_____
United States District Judge

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| FOR PLAINTIFF THE UNITED STATES OF AMERICA: | FOR DEFENDANT ARIC GASTWIRTH, DEFENDANT RESELLER CONSULTANTS, INC., DEFENDANT AMBRAGOLD, INC., WON IT ALL, INC., AND RUN IT UP, INC.: |

MICHELE BECKWITH
Acting United States Attorney
TARA AMIN
Assistant United States Attorney
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

YAAKOV ROTH
Acting Assistant Attorney General
SARMAD KHOJASTEH
Acting Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
C.B. BUENTE
Assistant Director

_/s/ A. Crawford_
ANDREW K. CRAWFORD
FRANCISCO L. UNGER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
Telephone: (202) 451-7301
Email: andrew.k.crawford@usdoj.gov

_/s/ A. Gastwirth_
ARIC GASTWIRTH

_/s/ Matthew Jacobs_
MATTHEW JACOBS

Attorney for Aric Gastwirth, Reseller Consultants, Inc., Ambragold, Inc., Won It All, Inc., and Run It Up, Inc.