OLIVER M. KIEFER (SBN 332830)
oliver.kiefer@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: 858.677.1400
Facsimile: 858.677.1401

Attorneys for Receiver
Kenneth R. Jones

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CB SURETY LLC, et al., <br><br> Defendants. | Case No. 2:23-cv-02812-TLN-DB <br><br> (Assigned to Hon. Troy L. Nunley) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUBSTITUTE RECEIVER** <br><br> Date: October 2, 2025 <br> Time: 2:00 p.m. <br> Crtrm: 2 |

## I. INTRODUCTION

Mr. Kenneth R. Jones, the Court appointed Receiver, has accepted a new position that will preclude him from carrying out the duties and responsibilities of the Receiver in this matter. The Receiver's work in this case remains active, with efforts ongoing that may secure substantial additional Receivership Property for preservation consistent with the Court's original mandate to the Receiver. Therefore, the Receiver requests the Court grant this Motion to Substitute and appoint Mr. Mark Roberts as the new Receiver for the Receivership Entities, relieving Mr. Jones out of that role. Until the Court acts to appoint a new Receiver, Mr. Jones has delegated primary responsibility for the performance of duties and authorities granted to the Receiver through the Court's January 5, 2024 Order to Mr. Roberts. *See* ECF 35.

## II. BACKGROUND

On December 1, 2023, the United States filed an *Ex Parte* Motion for Temporary Restraining Order with Asset Freeze and for Appointment of a Receiver. *See* ECF 2. In support, the United States also filed an *Ex Parte* Recommendation for Temporary Receiver, recommending the Court appoint Mr. Kenneth R. Jones as the Temporary Receiver for Defendants CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Reseller Consultants, Inc., Ambragold, Inc., Think Processing LLC, and Bass Business Consultants (collectively, the "Original Receivership Entities"). *See* ECF 3.

On December 6, 2023, the Court granted the United States' motion and appointed Mr. Jones as Temporary Receiver for the Original Receivership Entities. *See* ECF 7. On January 5, 2024, the Court extended Mr. Jones' appointment to "serve as a temporary receiver of the Receivership Entities with full powers of an equity receiver." ECF 35, at 7. On August 6, 2024, the Court expanded the Receivership to

include Won It All, Inc. *See* ECF 82.[1]

The Court's appointment order further authorized Mr. Jones to engage other professionals to support and advise the Receiver in support of his duties. *See id.* at 8. Since appointment, Mr. Jones has received assistance from professionals at Alvarez & Marsal Dispute Analysis & Forensic Services, LLC ("Alvarez & Marsal"). *See* ECF 28, 67, 72, 79, 86, 91, 96, 99, 108, 113 (the Receiver's Status Reports to the Court describing the Receiver's activities during the Receivership). As previewed in Attachment A to the United States' *Ex Parte* Recommendation for Temporary Receiver, Mr. Jones has received primary operations support for the Receivership from Mr. Mark Roberts, also of Alvaraz & Marsal. *See* ECF 3, Attachment A; Declaration of Kenneth R. Jones ISO Motion to Substitute ("Jones Decl."), ¶ 8.

As of the date of this Motion, Mr. Jones has been offered and accepted a position that will preclude him from continuing in the capacity of the Receiver. *See id.* at ¶ 4. Mr. Jones' new position will be Global Head of Fraud Risk for a large, designated Global Systemically Important Banks ("G-SIB"). *See id.* at ¶ 5. Very early in the selection process for this role, the Receiver directed a staff member to provide him a list of banks the Receivership Entities were known to have used. *See id.* at ¶ 6. From this review, the Receiver determined that the G-SIB offering this role was <u>*not*</u> used by the Receivership Entities in any manner related to this matter. *See id.*

In anticipation of his new role, the Receiver requests the Court substitute the Receiver and relieve Mr. Jones of his duties as the Receiver. *See id.* at ¶ 4. On August 21, 2025, Mr. Jones discussed his potential substitution with counsel for the United States and his forthcoming recommendation that the Court appoint Mr. Roberts as the new Receiver for the Receivership Entities. *See id.* at ¶ 9. Counsel for the United States stated the United States did not oppose this request and did not oppose Mr.

---

[1] The Original Receivership Entities and Won It All, Inc. are referred to collectively as the "Receivership Entities."

Jones' recommendation that Mr. Roberts be appointed as the new Receiver for the Receivership Entities. A summary of Mr. Roberts' qualifications is attached as Exhibit A to the Jones Declaration.

Until the Court acts to appoint a new Receiver, Mr. Jones has delegated primary responsibility for the performance of the duties and responsibilities of the authority granted by the Court's January 5, 2024 Order to Mr. Roberts. *See* Jones Decl., ¶ 11.

### III.   LEGAL STANDARD

The appointment of a Receiver is authorized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 66 ("These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued."). The Local Civil Rules for this Court further provide the process for appointing a temporary receiver and a receiver. *See* L. Civ. R. 232.

### IV.   ARGUMENT

As set forth above and in the supporting Jones Declaration, Mr. Jones' new professional role precludes his ongoing service as Receiver in this matter. Through Mr. Roberts' extensive involvement in the Receivership, Mr. Roberts' appointment would provide continuity for the Receivership Entities and ensure that there is no disruption to ongoing operations. Moreover, until the Court acts on this Motion, Mr. Jones has already designated primary responsibility for carrying out the Receiver's duties to Mr. Roberts, which would facilitate a smooth transition of the Receivership.

Mr. Roberts has considerable qualifications to serve as Receiver. Mr. Roberts has served as a court appointed receiver is both state and federal matters, and has served as a Board Member, Chief Financial Officer, Chief Restructuring Officer, Chief Executive Officer, Liquidating Trustee, and Chapter 11 Trustee. In all, Mr. Roberts has more than 32 years of professional experience and is already integrated with the individuals from Alvarez & Marsal that have assisted Mr. Jones with this matter.

In short, good cause supports relieving Mr. Jones of his duties and appointing

Mr. Roberts as the new Receiver for the Receivership Entities.

## V.     CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court grant his Motion to Substitute, relieve Mr. Kenneth Jones of his duties as Receiver, and appoint Mr. Mark Roberts as the Receiver in this matter.

Dated: August 27, 2025

**DLA PIPER LLP (US)**

By: */s/ Oliver M. Kiefer*
Oliver M. Kiefer

Attorneys for Receiver
Kenneth Jones

MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO SUBSTITUTE RECEIVER
CASE NO. 2:23-cv-02812-TLN-DB