# Exhibit 1

# Exhibit 1

Honorable Troy L. Nunley
United States District Judge
United States District Court for the Eastern District of California

August 29, 2025

Interim Report of Temporary Federal Receiver

Kenneth R. Jones

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

United States of America,

Plaintiff,

v.                                                                  Civil Case No. 2:23-cv-02812-TLN-SCR

CB SURETY, LLC, et al.,

Defendants.

Interim Report of Temporary Federal Receiver

On December 7, 2023, a temporary restraining order ("TRO" or "order") was unsealed and appointed me as temporary receiver over the "CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Reseller Consultants, Inc., Ambragold, Inc., Think Processing LLC, and Bass Business Consultants." *See* ECF No. 7. The Court's order was based, in part, on the affidavit of US Postal Inspector Jason Chung. *See* ECF No. 2-3.

The Receiver's First Interim Status Report was submitted to the court on December 29, 2023. On January 5, 2024, the Court issued a preliminary injunction in this matter, continuing the interim receivership and directing that the Receiver file a subsequent every 60 days. *See* ECF No. 35. On August 8, 2024, the Court added Won It All, Inc. and Run It Up, Inc. as Receivership Entities. *See* ECF No. 82. On May 30, 2025, the Court removed Run It Up, Inc. as a Receivership Entity. *See* ECF No. 110.

*Incorporation Status of Receivership Entities*

All Receivership Entities are still active. The Receiver intends to renew Won It All, Inc.'s certificate of good standing when renewal is due on September 30, 2025.

*US Department of Justice, Other Law Enforcement and Other Inquiries:*

The Receivership continues to receive multiple requests for information from a variety of sources. These requests are largely responsible for the Receiver's ongoing forensic technology efforts.

*Technology Update:*

The Alvarez & Marsal team completed processing additional materials into the Receiver's existing Relativity instance, along with other materials gathered by the Receiver. The Receiver is continuing to review and analyze those additional materials in support of the Receiver's obligation to "[c]ooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency." ECF 35, at 9. Responses to the aforementioned requests for data and information, in keeping with the Court's order, are the primary cause of the ongoing technology effort.

*Transfer of Corporate Records*

The Receiver has maintained physical business records, received mail, cancelled checks and bank fobs for Straw Owner LLCs, along with other miscellaneous documentation related to the Receivership Entities that were stored at Reseller Consultant offices in Las Vegas, Nevada. The majority of these corporate records relate to Ambragold, Inc., and Reseller Consultants, Inc. Additionally, the Receiver has maintained the hard drives from company computers and company cellphones obtained from employees of Reseller Consultants in Las Vegas, Nevada. Physical business records are maintained in storage in Dallas, Texas, while electronics are maintained in storage at Alvarez & Marsal offices.

Since the Receiver's last interim report, documents that were identified as Run it Up, Inc.'s physical corporate records, which were found at Reseller Consultants, Inc. offices in Las Vegas, Nevada, were returned to counsel for Run It Up, Inc. pursuant to counsel's request. The Receiver is also processing a request from Run It Up's counsel for electronic corporate records. The Receiver never directly received physical property (such as mail, business records, equipment, or technology) from Run It Up, Inc.

*Asset Tracing and the Recovery of Assets:*

The Receiver continues to make inquiries and requests of financial institutions believed to have assets belonging to the Receivership. Recently, the Receiver identified approximately $3 million in assets that the Receiver is seeking to recover. The Receiver believes additional assets can be located and that effort is well underway.

*Receivership expenses summary through July 31, 2025*

The total amount of funds spent since the last Receivership report, through July 31, 2025, is $32,301.42.

*Project Management*

The final category of funds spent is related to general project management. This includes internal meetings to coordinate priorities, discussions with counsel, and drafting and responding to requests. A detailed invoice for time spent by the Receiver along with those I have deemed necessary is available at the request of the Court.

<u>Summary of Expenses for Receivership Counsel</u>

Since the last report, the Receiver has incurred $28,305.50 in expenses for professional services from counsel at DLA Piper LLP (US).  The expenses for professional services from counsel at DLA Piper LLP (US) for the month of June 2025 were $13,637.00 and for July 2025 they were $14,668.50.

These fees included conferring with the DOJ and advising them on requests for information to support the Receiver's duties under the Preliminary Injunction.  A detailed invoice for time spent by Counsel is available at the request of the Court.


Respectfully submitted,

*[signature]*

 Kenneth R. Jones
Temporary Federal Receiver