UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CB SURETY LLC, et al.,<br><br>Defendants. | No. 2:23-cv-02812-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff United States of America has filed a motion for default judgment against Defendants Travis Smith, Stephen Christopher, Bryan Bass, CB Surety LLC, Peak Bakery LLC, KP Testing LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Bass Business Consultants, and Think Processing LLC (hereafter "Defaulting Defendants"). ECF No. 80. Motions for default judgment are referred to the Magistrate Judge pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). The Court now recommends that the motion be GRANTED.

////

## I. Background and Procedural History

Plaintiff filed this action on December 1, 2023, naming as defendants ten entities (LLCs and corporations) and five individuals. ECF No. 1. The complaint was brought to "enjoin the ongoing commission of criminal wire fraud and bank fraud and conspiracy to commit those offenses." *Id.* at ¶ 1. The complaint alleges that defendants "are members of a transnational network of fraudsters engaged in an ongoing bank and wire fraud scheme." *Id.* at ¶ 2. Certain defendants allegedly reside in several states, including California, South Carolina, Florida, and Wyoming. *Id.* at ¶¶ 10-24. Two of the defendants allegedly reside in India. *Id.* at ¶¶ 22, 24.

The complaint refers to "Defendants" collectively at times[1] and alleges that they "process payments for merchant clients that are engaged in fraudulent, illegal, or high-risk activities including the sale of illegal drugs, gambling, technical-support scams, and making unauthorized charges to consumers' bank and credit card accounts." ECF No. 1 at ¶ 3. Defendants allegedly "launder money through seemingly legitimate but fake companies." *Id.* Defendants also use sham transactions to decrease the apparent rate of "chargebacks"—instances in which charges are reversed by a consumer's bank because, for example, the charge is reported as unauthorized—and this helps to prevent discovery of the fraud. *Id.* at ¶ 4. Plaintiff alleges that Defendants processed approximately $97 million in payments between July 2020 and June 2023, causing losses to consumers and fraudulently causing federally insured banks to risk substantial losses. *Id.* at ¶ 5. Plaintiff seeks injunctive relief to stop the ongoing scheme and prevent further harm. The complaint seeks injunctive relief under 18 U.S.C. § 1345 and alleges that "all Defendants have violated, are violating, and are about to violate 18 U.S.C. §§ 1343 and 1349 by conspiring to execute and executing a scheme and artifice to defraud for obtaining money by means of false or fraudulent representations." ECF No. 1 at ¶ 83.

////

////

---

[1] The specific roles of various Defendants are set forth in greater detail at Paragraphs 44 to 47 of the Complaint.

2

Plaintiff also moved for a temporary restraining order (TRO).  ECF No. 2.  Judge Nunley granted the TRO.  ECF No. 7.  After a hearing on January 3, 2024, ECF No. 32, Judge Nunley also entered a preliminary injunction and entered an asset freeze order.  ECF Nos. 34 & 35.

On February 8, 2024, Plaintiff requested the Clerk enter default against eight of the ten Defaulting Defendants.  ECF No. 64.  The Clerk entered default on February 15, 2024.  ECF No. 65.  On May 10, 2024, Plaintiff requested the Clerk enter default against the two remaining Defaulting Defendants, Bryan Bass and Bass Business Consultants.  ECF No. 75.  The Clerk entered default on May 22, 2024.  ECF No. 77.  On July 25, 2024, Plaintiff moved for default judgment against the ten Defaulting Defendants.  On October 21, 2024, the undersigned took the motion for default judgment under submission.  ECF No. 90.

On November 4, 2024, three of the appearing defendants moved to stay the action for four months (ECF 92), which the Govt did not oppose, and which was granted.  The Court entered a modified scheduling order (ECF No. 98) on January 13, 2025.  Under that order, fact discovery was to close in August 2025, and expert discovery in December 2025.  ECF No. 98.  However, in April and May 2025, the Defendants who had appeared and were defending the action, stipulated to the entry of a permanent injunction and final judgment.  ECF Nos. 106 & 109.  On April 15, 2025, Judge Nunley entered a permanent injunction and final judgment as to defendants Thomas Eide and Cascades Point at Clemson LLC (ECF 107) and on May 30, 2025, entered a permanent injunction and final judgment as to defendants Aric Gastwirth, Reseller Consultants, Inc., and Ambragold, Inc., and as to two additional entities, Won It All, Inc., and Run It Up, Inc. (ECF 110).[2]  In short, a permanent injunction and judgment has now issued as to all of the defendants who appeared in the action.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's well-pled factual allegations regarding liability

---

[2] Won It All and Run it Up are not named as defendants in this action, but are included in the receivership established by the Court.  ECF No. 82.

3

are taken as true, while allegations regarding the amount of damages must be proven. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977).

Granting or denying default judgment is within the court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court considers a variety of factors in exercising its discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among them are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

### I.  Service

Plaintiff has filed a return of service or wavier of service as to each of the Defaulting Defendants:

1. Travis Smith (ECF No. 54, Aff. of personal service on January 4, 2024);
2. Stephen Christopher (ECF No. 50, Aff. of personal service on January 5, 2024);
3. Bryan Bass (ECF No. 73, Waiver of Service dated January 31, 2024);
4. CB Surety LLC (ECF No. 48, Aff. of service on registered agent on December 27, 2023);
5. Peak Bakery LLC (ECF No. 49, Aff. of service on registered agent on December 27, 2023);
6. KP Testing LLC (ECF No. 53 Aff. of service on registered agent on January 10, 2024);
7. Motion Media Marketing Inc. (ECF No. 51, Aff. of service on January 5, 2024);
8. SJC Financial Services Inc. (ECF No. 52, Aff. of service on January 5, 2024);

9. Bass Business Consultants (ECF No. 74, Waiver of Service dated January 31, 2024); and

10. Think Processing LLC (ECF No. 55, Aff. of service on January 10, 2024).

As the Defaulting Defendants have not appeared, there is no challenge to service. The Court finds an adequate showing of service.

### III. The *Eitel* Factors

#### A. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice can be established where failure to enter a default judgment would leave plaintiff without a proper remedy. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal 2002). Here, Plaintiff seeks declaratory relief against parties who are allegedly violating federal wire fraud and bank fraud statutes. Plaintiff will be prejudiced if denied relief due to the Defaulting Defendants' failure to participate in the action. This first factor weighs in Plaintiff's favor.

#### B. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors "relating to the merits of Plaintiffs' claims and the sufficiency of the complaint, can be discussed in tandem." *Ramirez v. Michael Cookson Const., Inc.*, 2023 WL 4743050 (E.D. Cal. July 25, 2023) (internal citation omitted). In evaluating these factors, the Court considers Judge Nunley's orders granting a preliminary injunction. ECF Nos. 34 & 35. In entering a preliminary injunction, Judge Nunley found sufficient evidence to demonstrate a likelihood that Plaintiff would prevail on the merits. ECF No. 34 at 10. The appearing defendants have since that time stipulated to the entry of judgment and a permanent injunction. The Court finds that the factors of the merits of the substantive claims and the sufficiency of the complaint weigh in favor of the entry of default judgment.

#### C. Sum of Money at Stake

In weighing the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1176-77. The factor weighs against default judgment when a large sum of money is at stake. *Eitel*, 782

F. 2d. at 1472.  Here, Plaintiff does not seek monetary damages, but the proposed order does freeze the assets of the Defaulting Defendants and sets up a receivership.  ECF No. 80-4 at 6-11.  The Complaint also alleges that Defendants have processed $97 million in payments in the three years before the Complaint was filed.  ECF No. 1 at ¶ 5.  The significant amount of money at issue in the litigation weighs against the entry of default judgment.

### D. Possibility of Disputed Material Facts

The fifth *Eitel* factor examines whether a dispute regarding material facts exists.  *Eitel*, 782 F.2d. at 1471-72.  Generally, when a party fails to appear there is no possibility for a dispute of material fact.  *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists").  The Court finds there is not a likelihood of a dispute of material fact because the Defaulting Defendants have not appeared, and the defendants who have appeared have entered into stipulated judgments.  Accordingly, this factor weighs in favor of entry of default judgment.

### E. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's failure to answer is due to excusable neglect.  *Eitel*, 782 F.2d at 1471-72.  This factor considers due process, ensuring a defendant is given reasonable notice of the action.  *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).  Here, as discussed *supra*, the Court has found adequate proof of service.  Additionally, the requests for the Clerk to enter default against the Defaulting Defendants were served via mail or email.  ECF Nos. 64 & 75.  The motion for default judgment was also served on the Defaulting Defendants.  ECF No. 80 at 3-4.  Under the circumstances, it is unlikely that the Defendants' actions were the result of excusable neglect.  *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were served with the complaint, the notice of entry of default, as well as the papers in support of the instant motion).  This factor weighs in favor of entry of default judgment.

////

### F. Policy of Deciding Cases on the Merits

The seventh *Eitel* factor considers the courts' general disposition favoring judgments on the merits. *Eitel* 782 F.2d at 1472. While the Defaulting Defendants' failure to appear has made a judgment on the merits of Plaintiff's claims against them impossible, the Court finds the policy in favor of deciding cases on the merits weighs against entry of default judgment.

### CONCLUSION

The decision of whether to enter default judgment ultimately rests in the Court's discretion. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("While there is room to disagree whether default was warranted, our role is not to second guess the district court's weighing of the *Eitel* factors."). The Court has considered all the *Eitel* factors and finds that five of the seven factors weight in favor of the entry of judgment by default. "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Ramirez v. Michael Cookson Const., Inc.*, 2023 WL 4743050 (E.D. Cal. July 25, 2023) (internal quotation and citation omitted). As discussed above, the Court finds that those two factors weigh in favor of the entry of default judgment. The undersigned finds that in considering the totality of the *Eitel* factors, they weigh in favor of the entry of a default judgment for Plaintiff.

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for default judgment (ECF No. 80) be **GRANTED**; and
2. The Court enter the default judgment as proposed at ECF No. 80-4.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file

////

////

////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE