# Exhibit 1

Honorable Troy L. Nunley
United States District Judge
United States District Court for the Eastern District of California

October 28, 2025

Federal Receiver's Interim Report

Mark A. Roberts

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

United States of America,

Plaintiff,

v.                                                          Civil Case No. 2:23-cv-02812-TLN-SCR

CB SURETY, LLC, et al.,

Defendants.

Federal Receiver's Interim Report

On December 7, 2023, a temporary restraining order ("TRO" or "order") was unsealed and appointed Kenneth R. Jones as receiver over the "CB Surety LLC, Peak Bakery LLC, Cascades Pointe at Clemson, LLC, KP Testing, LLC, Motion Media Marketing Inc., SJC Financial Services Inc., Reseller Consultants, Inc., Ambragold, Inc., Think Processing LLC, and Bass Business Consultants." *See* ECF No. 7. The Court's order was based, in part, on the affidavit of US Postal Inspector Jason Chung. *See* ECF No. 2-3.

The Receiver's First Interim Status Report was submitted to the court on December 29, 2023. On January 5, 2024, the Court issued a preliminary injunction in this matter, continuing the interim receivership and directing that the Receiver file a subsequent report every 60 days. *See* ECF No. 35. On August 8, 2024, the Court added Won It All, Inc. and Run It Up, Inc. as Receivership Entities. *See* ECF No. 82. On May 30, 2025, the Court removed Run It Up, Inc. as a Receivership Entity. *See* ECF No. 110.

On September 12, 2025, the court granted the motion to substitute the Receiver, relieving Kenneth R. Jones of his duties as the Receiver and appointing Mark Roberts as the Receiver henceforth. *See* ECF No. 120.

*Mark Roberts as the Receiver*

As set forth above, Mark Roberts assumed duties as Receiver for the Receivership Entities effective September 12, 2025. *See* ECF No. 120. The Receiver has continued to work with the Department of Justice, other government agencies, and the Parties to fulfill his duties and obligations as set forth in the Court's Preliminary Injunction (ECF No. 35) as well as the Permanent Injunctions that have since been entered in this case. *See* ECF Nos. 107, 110, and 131. During this reporting period, the Receiver's primary focus has been on responding to requests for information from the government and the Parties and identifying additional Receivership Assets. To identify additional Receivership Assets, the Receiver served subpoenas on eight financial institutions on October 9, 2025. Notices of those subpoenas are available on the docket. *See* ECF Nos. 122-129. If the Receiver identifies additional Receivership Assets, the Receiver intends to preserve those assets in accordance with the Court's Preliminary and Permanent Injunction orders.

*US Department of Justice, Other Law Enforcement and Other Inquiries:*

The Receivership continues to receive multiple requests for information from a variety of sources. These requests are largely responsible for the Receiver's ongoing forensic technology efforts.

*Technology Update:*

The Receiver is continuing to review and analyze materials collected by the Receiver and received from the government in support of the Receiver's obligations to "[c]ooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency" and "conduct discovery in this action on behalf of the receivership estate." ECF 35, at 9.  Responses to the aforementioned requests for data and information, in keeping with the Court's order, are the primary cause of the ongoing technology effort.

*Asset Tracing and the Recovery of Assets:*

The receiver continues to make inquiries and requests of financial institutions believed to have assets belonging to the Receivership. Recently, the Receiver identified approximately $3 million in assets that the Receiver has since recovered. The Receiver believes additional assets can be located and that effort is well underway.

*Receivership expenses summary through October 11, 2025*

The total amount of funds spent since the last Receivership report, for the period of August through October 11, 2025, is $111,681.46.

*Asset Recovery Efforts*

The Receiver continues to undergo an effort to identify additional funds that may be property of the Receivership not previously identified.  This included reviewing financial documents, court filings, background information of defendants, and other legal entities that may have been involved in the alleged scheme.  This process is ongoing and will continue as the Receiver continues to receive new and updated information.

*Project Management*

The final category of funds spent is related to general project management. This includes internal meetings to coordinate priorities, discussions with counsel, and drafting and responding to requests. A detailed invoice for time spent by the Receiver along with those I have deemed necessary is available at the request of the Court.

Summary of Expenses for Receivership Counsel

Since the last report, the Receiver has incurred $46,326.30 in expenses for professional services from counsel at DLA Piper LLP (US). The expenses for professional services from counsel at DLA Piper LLP (US) for the month of August 2025 were $37,302.00 and for September 2025 they were $9,024.30.

These fees included conferring with the DOJ and advising the Receiver regarding requests for information to support the Receiver's duties under the Preliminary and Permanent Injunctions, as well as responding to additional requests for information from the Parties and preparing the Motion to Substitute the Receiver. A detailed invoice for time spent by Counsel is available at the request of the Court.

Respectfully submitted,

Mark A. Roberts
Federal Receiver