OLIVER M. KIEFER (SBN 332830)
*oliver.kiefer@zwillgen.com*
**ZwillGen Law LLP**
369 Pine Street, Suite 506
San Francisco, CA 94101
Tel: 415.590.2335

*Attorney for Receiver,*
*Mark A. Roberts*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CB SURETY, LLC, et al.,<br><br>Defendants. | Case No. 2:23-cv-2812-TLN-SCR<br><br>**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION FOR STIPULATED ORDER RE RECEIVERSHIP PROPERTY ACCOUNTS**<br><br>Date: July 9, 2026<br>Time: 2:00pm<br>Courtroom: 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |

## I.   INTRODUCTION

On January 5, 2024, the Court entered a preliminary injunction against Defendants in this matter and appointed Kenneth R. Jones as Receiver for the Receivership Entities. *See* ECF No. 35. The Court's preliminary injunction provided that "[t]he Receiver shall [] assume control over all of the Receivership Entities' ongoing business operations," and directed the Receiver to "[t]ake exclusive custody, control, and possession of all Receivership Property." *Id.* at 7−8. It also directed the Receiver to "[i]ssue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate." *Id.* at 9. On September 12, 2025, the Court relieved Kenneth R. Jones of his duties as Receiver for the Receivership Entities and appointed Mark A. Roberts as the new Receiver for the Receivership Entities. *See* ECF No. 120.

As part of his discovery mandate, the Receiver has identified that Google LLC ("Google") provided custom email services and other products to certain Receivership Entities. See Declaration of Michael Sugrue ("Sugrue Decl."), ¶ 4−6. Based on other records obtained through the Receiver's discovery, *see id.* at ¶ 6, the Receiver has determined these Google accounts (the "Accounts") may contain information regarding Receivership Assets, which the Receiver is obligated to identify and preserve so that those assets "are available for criminal restitution, forfeiture, or other legal remedies in proceedings commenced by or on behalf of the United States." ECF No. 35, 9.

Google has preserved accounts that the Receiver determined are related to certain Receivership Entities. *See* Sugrue Decl., ¶ 10. However, Google has informed the Receiver that the Stored Communications Act ("SCA"), 18 U.S.C. § 2702, prohibits Google from providing account contents and records absent a court order specifically finding that the accounts belonged to entities under the Receiver's control and the Receiver has authority to obtain the contents of the accounts. *See id.* at ¶ 8−9.

To address Google's concerns regarding the SCA and the Receiver's mandate to identify and preserve Receivership Assets, Google and the Receiver have agreed to request the Court enter

the proposed Stipulated Order accompanying this motion. *See* Declaration of Oliver M. Kiefer ("Kiefer Decl."), Ex. A.

## II.   LEGAL STANDARD

The SCA provides that, absent an exception, "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). The SCA exceptions include disclosure to the recipient of a communication and disclosure with user consent. Thus, a provider "may divulge the contents of a communication . . . to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient" or "with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service." 18 U.S.C. § 2702(b)(1), (3).

## III.   ARGUMENT

The Court should enter the Stipulated Order proposed by the Receiver and Google because the Court has provided the Receiver with control over the Accounts used by the Receivership Entities, and the Receiver requires the contents of these Accounts to fulfill its obligations to the Court to identify and preserve Receivership Assets.

### A.   The Receiver's Discovery Identified Accounts Belonging to the Receivership Entities

The Receiver has identified Accounts used by certain Receivership Entities for business operations. Following the Court's issuance of a temporary restraining order in this matter that initially appointed a Temporary Receiver, the Receiver identified Accounts related to the Receivership Entities and contacted Google to request the contents of those Accounts maintained by the Receivership Entities. *See* Sugrue Decl., ¶ 7. Through the Receiver's further discovery to obtain the contents of the Accounts and preserve Receivership Assets, Google stated that while it would preserve the Accounts' contents, it required a court order stating that the Receiver had lawful

control and authority over those specific accounts before Google could provide those contents to the Receiver. *See id.* at ¶ 8.

**B.      The Receiver is now the "Customer" and "Subscriber" of the Accounts**

Under the preliminary injunction, the Receiver is the customer and subscriber for the Accounts. The preliminary injunction provides that the Receiver shall "[t]ake exclusive custody, control, and possession of all Receivership Property." ECF No. 35, 8. "Receivership Property" includes "Assets, wherever located, that are: (1) owned, controlled, or held by or for the benefit of the Receivership Entities, in whole or in part." *Id.* at 4−5. "Assets," in turn, "means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held." *Id.* at 4. As set forth above, the Receiver's discovery revealed that certain Receivership Entities used these Accounts in support of their business operations. *See* Sugrue Decl., ¶ 6. Accordingly, the Google accounts constitute Receivership Property, over which the Receiver has "exclusive custody, control, and possession." ECF No. 35, 7.

**C.      The SCA Allows Google to Disclose Contents and Records to Customers and Subscribers**

The SCA allows for contents of communications and records pertaining to customers to be provided with the consent of the customer or subscriber. *See* 18 U.S.C. §§ 2702(b)(1), (3); 2702(c)(2). Because the "customers" and "subscribers" for the Accounts are Receivership Entities, the Accounts constitute "Receivership Property" and the Receiver now holds "exclusive custody, control, and possession" of those accounts. *See* ECF No. 35, 7. Under these circumstances, disclosure of the contents and records of the Accounts to the Receiver falls within an exception to the SCA's general rule prohibiting disclosure.

**D.      The Court Should Enter an Order Stating the Receiver is the Customer and Subscriber of the Accounts**

The Court should enter an order finding that the Receiver is the customer and subscriber of the specific accounts at issue and therefore may lawfully obtain their content. Such a finding would allow Google to disclose the contents and records of the Accounts to the Receiver consistent with

4

the SCA. Entry of the stipulated order is required to balance (1) Google's stated need to comply with the SCA and (2) the Receiver's obligations to conduct discovery into the Receivership Estate, as well as identify and preserve assets of the Receivership Estate. Through counsel, the Receiver and Google have agreed to the Court's entry of a stipulated order finding that the Receiver may obtain the contents of the Accounts, specifically the preserved copies Google made in December 2023. *See* Kiefer Decl., Ex. A.

**IV.     CONCLUSION**

For the foregoing reasons, the Receiver respectfully requests the Court grant this Motion and enter the Stipulated Order submitted herewith.

Dated: June 2, 2026

**ZwillGen Law LLP**

By: */s/ Oliver M. Kiefer*
Oliver M. Kiefer

*Attorney for Receiver,*
*Mark A. Roberts*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

*/s/ Oliver M. Kiefer*
Oliver M. Kiefer

*Attorney for Receiver,*
*Mark A. Roberts*

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION FOR STIPULATED ORDER
CASE NO. 2:23-CV-2812-TLN-SCR