OLIVER M. KIEFER (SBN 332830)
*oliver.kiefer@zwillgen.com*
**ZwillGen Law LLP**
369 Pine Street, Suite 506
San Francisco, CA 94101
Tel: 415.590.2335

*Attorney for Receiver,*
*Mark A. Roberts*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CB SURETY, LLC, et al.,<br><br>Defendants. | Case No. 2:23-cv-2812-TLN-SCR<br><br>**DECLARATION OF MICHAEL SUGRUE IN SUPPORT OF MOTION FOR STIPULATED ORDER RE RECEIVERSHIP PROPERTY ACCOUNTS**<br><br>Judge: Hon. Troy L. Nunley |

I, Michael Sugrue, declare as follows:

1.      I submit this declaration in support of Receiver Mark A. Roberts's Motion for a Stipulated Order Regarding Receivership Property Accounts. The following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      I am a Managing Director at Alvarez & Marsal Disputes & Investigations, LLC ("A&M"). I have worked as part of the Receivership team on this matter since December 2023. My roles and responsibilities include leading A&M's digital forensic and electronic discovery efforts and co-leading A&M's fact development efforts for the Receivership.

3.      By Temporary Restraining Order ("TRO") dated December 6, 2023, the Court appointed a Receiver over the Receiver Entities pursuant to 18 U.S.C. § 1345 and Rule 65(c) of the Federal Rules of Civil Procedure. *See* ECF No. 7.  On January 5, 2024, this Court entered a Preliminary Injunction continuing the Receivership. *See* ECF No. 35.

4.      Google LLC ("Google") provides a service called Workspace, through which Google provides custom email services and other products to businesses.

5.      Each Workspace account has at least one administrator who manages the Workspace services or devices for the entity associated with the account.

6.      Through my work with the Receivership, I have learned that Google maintained Workspace accounts for Defendants CB Surety LLC; Peak Bakery LLC; Cascades Pointe at Clemson, LLC; KP Testing, LLC; SJC Financial Services, Inc.; Reseller Consultants, Inc.; Ambragold, Inc.; Think Processing LLC; and/or Bass Business Consultants (collectively, the "Receivership Entities"). I further learned that the Workspace accounts were identified by the domains for cbsurety.com, peakbakery.com, and resellerconsultants.com (the "Accounts").

7.      The Receiver previously requested that Google provide the Receiver administrative

access to the Defendants' Accounts based upon the powers and duties assigned to the Receiver in the TRO. Through my work with the Receivership, I have learned that after the specific Workspace accounts were identified, Google initiated preservation of the contents of the Accounts in December 2023.

8. Obtaining access to the contents and records of the Accounts and Associated Workspaces via administrators assigned to those Accounts by the Receivership Entities was not and is not viable because the Court's order provided the Receiver exclusive custody and control over the Accounts in lieu of administrators assigned by the Receivership Entities. I have learned that Google believes that the Stored Communications Act ("SCA"), 18 U.S.C. § 2702, prohibited Google from providing the Receiver the Account contents absent a statutory exception. To satisfy this statutory exception, I understand that Google requires an order finding that the Accounts and Associated Workspaces are under the Receiver's control and authority, which would authorize the Receiver to obtain the Accounts' contents and records to the Receiver under an SCA exception.

9. Through my work with the Receivership, I have learned that the Accounts were suspended for nonpayment and were purged in 2024, but the preserved contents and records remain.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED this 30th day of May, 2026, at Lawrence, Massachusetts.

_____
Michael Sugrue

SUGRUE DECL. ISO MOT. FOR STIPULATED ORDER RE RECEIVERSHIP PROPERTY ACCOUNTS
CASE NO. 2:23-CV-2812-TLN-SCR